## Morris Einstein and Joseph Guckenheimer v. Henry Lewis, Walter H. Lewis and James F. White.

1. ASSIGNMENTS—*General and Particular.*—An assignment which is not by its terms general, but partial, operates only upon the property expressly assigned. It draws nothing to it and there can be no unlawful preferences as to assets not assigned by it.

**Memorandum.**—Appeal from an order of the Circuit Court of Cook County, appointing a receiver; the Hon. RICHARD S. TUTHILL, Judge, presiding. Heard in this court at the March term, 1894. Reversed and remanded. Opinion filed July 5, 1894.

The opinion states the case.

DUPEE, JUDAH & WILLARD, attorneys for appellants.

MOSES, PAM & KENNEDY, attorneys for appellees.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.
This is an appeal from an order of the Circuit Court of Cook County, appointing a receiver under a bill filed by

the appellees, who are simple contract creditors of the firm of Einstein & Co., a firm composed of two sons of Morris Einstein and two other persons.

Being but simple contract creditors of the firm of Einstein & Co., the complainants can not attack the good faith of any of the transactions hereinafter narrated. Durand v. Gray, 129 Ill. 9.

Nor indeed do they claim that they may make such attack; what they claim is, that those transactions should be held to be, or to have the effect of, an assignment under the statute, for the benefit of creditors.

The case, in short, is that the firm of Einstein & Co. was insolvent, though with large assets consisting of merchandise, cash and accounts against customers. They owed upon notes, not yet due, upon which Morris Einstein was liable as guarantor or indorser, about $90,000. More than one-half of those notes Morris Einstein obtained from the holders of them, by substituting his own individual notes for them.

Guckenheimer was the agent of the holder of the other notes of the firm of Einstein & Co. and for the amount of them, to him the firm made a judgment note, which Morris Einstein guaranteed or indorsed. To Morris Einstein the firm also made a judgment note for the amount of the notes which he had taken up as before mentioned. Upon this was applied as a credit the cash the firm had. Judgments were entered upon both the judgment notes, and upon the judgments executions were issued and levied upon the merchandise; and all the accounts and bills receivable of the firm were assigned by the firm to Morris Einstein, and then by the firm again assigned to Guckenheimer, subject to the assignment to Morris Einstein.

Now, the argument is that Guckenheimer, having no interest in the judgment note and assignment to him, is necessarily a trustee for the creditors he represents; that therefore within the doctrine of Farwell v. Cohen, 138 Ill. 216, the assignment to him is an assignment under the statute for the benefit of creditors; and then that under the

doctrine of Preston v. Spaulding, 120 Ill. 208, both of the assignments and the judgment notes, being parts of one transaction in which the firm of Einstein & Co., Morris Einstein, and Guckenheimer participated, the object being to prefer the favored creditors, the law regards all the property of the insolvent firm as embraced within the assignment to Guckenheimer, and will make a distribution of the proceeds of all the assets of the firm of Einstein & Co. *pro rata*, among all the creditors of that firm.

But the assignment to Guckenheimer is not by its terms a general, but only a partial assignment, and such an assignment, if we follow Farwell v. Cohen, 138 Ill. 216, draws nothing to it.    It operates only upon the property expressly assigned.    It follows that in a case of partial assignment, there can be no unlawful preferences as to assets not assigned. Here the subject of the assignment to Guckenheimer was whatever might be left of the accounts and bills recoverable after Morris Einstein was paid.

If, as is not probable, Guckenheimer has got, or has the right as against Morris Einstein to take into his own hands, anything under the assignment to him—Guckenheimer— the question of whether a receiver might be appointed over that anything, does not arise on this record.    But there is no case justifying the appointment of a receiver generally, of the assets of the firm of Einstein & Co., and the order appealed from is reversed and the case remanded, with directions to the Circuit Court to restore the assets in the receiver's hands to the custody from which they were taken, and order that all the costs and expenses attending the appointment and continuance in office of the receiver be paid by the appellees, who will also pay the costs in this court.