## Albert M. Myres, Surviving Partner, etc., v. Charles E. Frankenthal et al.

1. RECEIVERS—*Expenses, When Appointed Without Lawful Authority.*—Where a receiver is appointed without any probable cause for so doing, the party at whose instance the appointment is made, should pay all the expenses.

2. Same—*No Inherent Authority in Courts of Law to Appoint.*—A court of law has no inherent authority to appoint a receiver. It is a branch of equity jurisdiction.

3. Garnishment.—*Construction of Secs. 20, 21, 22 and 23 of the Act.*—Sections 20 to 23 inclusive, of chapter 62, R. S., entitled Garnishment, relate wholly to the duty of the garnishee, the privilege of the plaintiff, and the duty of some officer who shall hold an execution in favor of the plaintiff. The provisions are not complete; they contemplate that there will be, but do not direct that there shall be, another execution sued out upon the judgment under which the garnishment proceeds. Without such other execution, however, the various proceedings directed or permitted by those sections can not be had.

4. Same—*Construction of Section 25.*—Section 25 of chapter 62, R. S., entitled Garnishment, provides the methods in which the court may compel obedience to, or reparation for disobedience of, the orders made under section 24 of the same, and makes clear that such orders are only to be made when there is an execution in the hands of an officer.

5. Same—*Construction of Section 26.*—It is apparent that the word "receiving" in the second line of section 26, chapter 62, R. S., entitled Garnishment, should be "selling"; "such sale" in the last clause of the section refers to that word.

6. Same—*Imperfect Legislation.*—That there is difficulty in arriving at a consistent construction of all the sections, 20 to 27 inclusive, of chapter 62, R. S., entitled Garnishment, with each other, may be conceded; but such concession is only an acknowledgment that the legislation is imperfect, or "obscure." For example, they contemplate a sale by a constable or sheriff of choses in action, which are not subject to levy and sale on ordinary executions.

7. Receivers—*Under Section 24 of the Garnishment Act.*—Under section 24 of chapter 62, R. S., entitled Garnishment, providing that if the proceeding is in a court of record the court may appoint a receiver to take possession and sell, collect, or otherwise dispose of the same, and make all orders in regard thereto which may be necessary or equitable between the parties, the Superior Court of Cook County (in the case at bar) had no right to appoint a receiver.

**Memorandum.**—Assumpsit. Attachment in aid and garnishee proceedings. In the Superior Court of Cook County; the Hon. Theodore Brentano, Judge, presiding. Error by Albert M. Myres, surviving partner, etc. Heard in this court at the October term, 1894, and affirmed. Opinion filed December 6, 1894.

## Statement of the Case.

For some time prior to October 21, 1893, Charles E. Frankenthal, Joseph Frankenthal and Henry Alder, as copartners, defendants, were dealing in men's furnishing

goods at wholesale, and occupied the basement, first, third, fourth and fifth floors of numbers 240 and 242 East Monroe street, Chicago.

For the purpose of securing an alleged indebtedness from them to Emanuel Frankenthal, defendants executed and delivered to him a chattel mortgage upon " the following goods and chattels situate in our store, occupying number 240 and 242 East Monroe street, Chicago, Illinois, to wit: All the stock of men's furnishing goods therein situate, all fixtures, counters, shelving, sewing machines and all other machines of all other kinds therein situate and all men's furnishing goods and piece goods, whether manufactured, unmanufactured, or in the process of manufacturing, as well as all tools therein situate, also all merchandise and personal property belonging to or once in and which shall hereafter be returned to said store, also the lease of number 240 and 242 East Monroe street, Chicago, made by John V. Farwell, Jr., trustee, and Cornelia F. Wooley, to us, and running from January 1, 1893, to December 31, 1895. All merchandise on hand in original packages, excepted from this mortgage."

The alleged debt to secure which the mortgage was given, was therein described as " Three promissory notes, bearing the date October 20, 1893, each payable to the order of Emanuel Frankenthal, on demand, each drawing interest thereon at the rate of six per centum per annum after the date thereof until paid, one for the sum of thirty-five thousand thirteen 57-100 dollars ($35,013.57); two for the sum of thirty thousand one hundred eighty-four and 70-100 dollars ($30,184.70) each, all payable at the office of said mortgagee, in the city of Chicago, and all signed by the said mortgagors individually and jointly."

On October 25, 1893, Albert M. Myres, as surviving partner of J. M. Myres & Brother, plaintiff, commenced, in the Superior Court of Cook County, an action in assumpsit, with attachment in aid, against defendants, and therein caused Emanuel Frankenthal, the mortgagee, to be summoned as garnishee.

Myres v. Frankenthal.

On the day the suit was brought, the sheriff served Emanuel Frankenthal as garnishee, and returned the summons and attachment writ, "not found" as to defendants.

Immediately after service upon Frankenthal, as garnishee, plaintiff moved the court to appoint a receiver over the property described in the chattel mortgage, and certain accounts and bills receivable theretofore transferred by defendants to Frankenthal, and over all other merchandise, fixtures and property of whatsoever kind, situate in their store, and in support of such motion, filed the affidavit of one Sigmon Frank, from which it appeared that affiant was the agent of plaintiff; that on October 25, 1893, plaintiff had commenced an action in assumpsit against defendants, and had sued out an attachment in aid of said action, and placed the same in the hands of the sheriff of Cook county, to be executed by levying the same upon sufficient property of defendants to satisfy said writ and to be served upon Frankenthal as garnishee; that said sheriff was unable to levy said writ upon any property of defendants for the reason that said Frankenthal was in possession of all the property of said defendants and claimed the same under the mortgage, and that thereupon said sheriff served said writ upon said Frankenthal as garnishee; that immediately upon the execution of said mortgage, said Frankenthal took possession of all of the property, locked the same up, placed custodians in charge and prevented all others from gaining access to the same; that together with the property taken possession of by said Frankenthal was a large quantity of goods in original packages, in express terms excluded from the operation of the mortgage; that by reason of the refusal on the part of said Frankenthal to permit others to enter the premises where said property was kept, it was impossible to state the precise value of such property; but on information and belief, such property in original packages was stated to be worth at least the sum of $20,000; that in addition to the property covered by the mortgage, and the property contained in the original packages, defendants, on the 21st day of October,

1893, transferred to and placed in the possession of said
Frankenthal, accounts and bills receivable, amounting to
over $50,000; that the value of the merchandise and fixtures
transferred by the chattel mortgage is at least $130,000;
that the value of the leasehold transferred by the chattel
mortgage is at least $10,000; that the value of the property
transferred to secure an alleged indebtedness of $111,382.97
is at least $190,000; that defendants represented that the
value of the merchandise and fixtures transferred by the
mortgage was at least $130,000; and that the value of all
their other assets is about $100,000; that their liabilities
were, for borrowed money, $127,000, and for merchandise,
$205,000; that they intended to close up their business, and
that the greater part of their outstanding accounts has been
assigned to secure the alleged indebtedness for borrowed
money; that at the time of the execution of said mort-
gage, the defendants in error were not indebted to Frank-
enthal in said sum of $111,382.96, but that said sum is
many thousands of dollars in excess of the amount law-
fully due said Frankenthal from defendants; that Frank-
enthal threatened to sell and dispose of the goods in his
possession, and apply the proceeds arising from such sale
upon his alleged claim, and would do so unless a receiver
was appointed to take charge thereof; that defendants
are insolvent and have no property which can be applied
to the satisfaction of plaintiff's demand, except the prop-
erty in the possession of Frankenthal. Upon reading the
affidavit, and the affidavit in attachment, the court made
an order appointing the American Trust and Savings Bank
receiver over all the merchandise, assets and effects described
in the mortgage and over all other merchandise, fixtures,
property, assets and effects of whatsoever kind, situated in
the store, and also over all bills receivable, outstanding
accounts and choses in action heretofore transferred, con-
veyed or assigned by said defendants in error to said Frank-
enthal, and said receiver was directed to forthwith take
possession of all of said property and effects, to make an in-
ventory thereof and report the same to the court; to collect

said bills receivable and outstanding accounts; and to employ such help and incur such expense as should seem necessary and proper for the execution of the order, and for the care, management and preservation of the property.

On October 25, 1893, the bank accepted the appointment of receiver, and took possession of the property. On October 26, 1893, Frankenthal served notice on counsel for plaintiff that at one o'clock P. M. of said day he would move before the Hon. Theodore Brentano, one of the judges of the Superior Court, to have the order appointing the receiver vacated for the following reasons:

1st. That said order was improperly entered and contrary to law.

2d. That said order was obtained through misrepresentation of the facts.

On November 2, 1893, the court sustained said motion of said Frankenthal, garnishee, and vacated the order appointing the receiver.

NEWMAN & NORTHRUP, attorneys for plaintiff in error.

HAMLINE, SCOTT & LORD, attorneys for defendant in error Emanuel Frankenthal.

MORAN, KRAUS & MAYER, attorneys for The American Trust and Savings Bank, receiver.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.
On the 25th day of October, 1893, Emanuel Frankenthal was in possession of the place of business, stock of goods, etc., of the firm of Frankenthal, Freudenthal & Co., the members of which firm are the defendants in error, under a chattel mortgage executed to him by that firm.

On that day the plaintiff in error sued out of the Superior Court an attachment against the firm, and caused the writ to be served upon Emanuel as garnishee, and immediately thereafter, without notice to anybody, moved that court to appoint a receiver over the property so in the possession of Emanuel.

The court did it, and after very turbulent proceedings out of court, and much swearing in court, the court on the 2d day of November, 1893, set aside the order appointing the receiver.

The actual possession of the receiver continued until the 9th day of the same month, and the claim of the receiver allowed by the court for compensation and expenses is $2,027.76, of which nobody in this case complains.

In substance, the complaint of the plaintiff is that the court entered judgment against him for the amount, instead of directing the payment of at least some part of it by Emanuel, or, what would probably have amounted to the same thing, out of the property in the possession of the receiver.

We have heretofore decided, upon great and repeated consideration, that where a receiver is appointed without any probable cause for so doing, the party at whose instance the appointment was made should pay all the expenses. Einstein v. Lewis, 54 Ill. App. 520.

We are still of that opinion, and so reads the book upon which the plaintiff relies. Beach on Receivers, Sec. 773.

It is not, in this case, a question whether the compensation of the receiver is contingent upon the ability of the plaintiff to pay, but the question is, shall he be made to pay if the court can compel him to do so.

If in this case the court had authority to appoint a receiver, that authority was wholly statutory, derived from sections which will be quoted. A court of law has no such inherent authority; it is a branch of equity jurisdiction.

This was a case of an attachment in aid under Sec. 31, Ch. 11, and under Sec. 21 the garnishment was made. The proceedings thereafter are under Ch. 62, Garnishment. See Sec. 5, Ch. 62.

So much of that chapter as can be said to apply in any way to this controversy, is as follows:

Sec. 20. When any garnishee has any goods, chattels, choses in action, or effects other than money, belonging to the defendant, or which he is bound to deliver to him, he shall deliver the same, or so much thereof as may be nec-

essary, to the officer who shall hold the execution in favor of the plaintiff, in the attachment suit or judgment, which shall be sold by the officer and the proceeds applied and accounted for in the same manner as other goods and chattels taken on execution.

Sec. 21. When it shall appear that such goods, chattels, choses in action, or effects in the hands of a garnishee are mortgaged, or pledged, or in any way liable for the payment of a debt to him, the plaintiff may be allowed, under an order of the court or justice of the peace, for that purpose, to pay or tender the amount due to the garnishee; and he shall thereupon deliver the goods, chattels, choses in action and effects, in the manner before provided, to the officer who holds the execution.

Sec. 22. If the goods, chattels, choses in action or effects are held for any purpose other than to secure the payment of money, and if the contract, condition or other thing to be performed, is such as can be performed by the plaintiff without damage to the other parties, the court or justice of the peace may make an order for the performance thereof by him. Upon such performance, or a tender, the garnishee shall deliver the goods, chattels and effects in the manner before provided, to the officer who holds the execution.

Sec. 23. All goods, chattels, choses in action and effects received by the officer under either of the two preceding sections, shall be sold and disposed of in the same manner as if they had been taken on an execution in any other manner, except that from the proceeds of the sale the officer shall repay the plaintiff the amount paid by him to the garnishee for the redemption of the same, with interest thereon, or shall indemnify the plaintiff for any other act or thing by him done or performed, pursuant to the order of the court or justice of the peace for the redemption of the same.

Sec. 24. When it shall appear that any garnishee has in his hands, or under his control, any goods, chattels, choses in action or effects, belonging to or which he is bound to deliver to the defendant, with or without condition, the court or justice of the peace may make any and all proper

orders in regard to the delivery thereof to the proper officer, and the sale or disposition of the same, and the discharging of any lien thereon, and may authorize the garnishee to sell any such property, or collect any choses in action, and account for the proceeds thereof; or, if the proceeding be in a court of record, the court may appoint a receiver to take possession and sell, collect or otherwise dispose of the same, and make all orders in regard thereto which may be necessary or equitable between the parties.

Sec. 25. If any garnishee refuses or neglects to deliver any goods, chattels, choses in action or effects in his hands when thereto lawfully required by the court or justice of the peace or officer having an execution upon which the same may be received, he shall, if the proceeding be in a court of record, be liable to be attached and punished for contempt, or the court may enter up judgment for the amount of the plaintiff's judgment, and award execution thereon against the garnishee; or, if the proceeding be before a justice of the peace, be liable to the plaintiff for the full amount of his judgment against the defendant, and judgment may be entered against him therefor.

Sec. 26. Nothing contained in this chapter shall prevent the garnishee from receiving any goods, chattels, choses in action or effects in his hands for the payment of any demand for which they are mortgaged, pledged or otherwise liable at any time before the amount due to him is paid or tendered, if such sale would be authorized as between him and the defendant.

Sec. 27. The court or justice of the peace may order the costs of the proceedings in any garnishment to be paid by the plaintiff, or out of the effects or credits garnished, or by the garnishee, or may apportion the same as shall appear to be just and equitable.

It is apparent that the word "receiving" in the second line of section 26 should be "selling;" "such sale" in the last clause of the section refers to that word.

Sections 20 to 23, inclusive, relate wholly to the duty of the garnishee, the privilege of the plaintiff and the duty of

some officer who shall hold an execution in favor of the plaintiff.

The provisions are not complete; they contemplate that there will be, but do not direct that there shall be, another execution sued out upon the judgment under which the garnishment proceeds.

Without such other execution the various proceedings directed or permitted by those sections could not be had. Then in section 24 comes the power of the court to enforce the performance of the duties, or the benefit of the privileges, defined in the preceding sections, and section 25 provides the methods in which the court may compel obedience to, or reparation for disobedience of, the orders made under section 24, and makes clear that such orders are only to be made when there is an execution in the hands of an officer. That there is difficulty in arriving at a consistent construction of all the sections with each other may be conceded; but such concession is only an acknowledgment that the legislation is imperfect; or, as the Supreme Court say of it in Capes v. Burgess, 135 Ill. 61, " obscure." For example, they contemplate a sale by a constable or sheriff of choses in action, which are not subject to levy and sale on ordinary executions. Crawford v. Schmitz, 41 Ill. App. 257.

That the various sections quoted were intended as a substitute or equivalent for a judgment creditor's bill as provided in Sec. 49, Ch. 22, Chancery, would seem probable, as a first impression.

And if so intended, the provisions of those sections can not be made operative until there is a judgment, though under other sections, effects in the hands of a garnishee could probably be stopped to await a judgment against the original defendant; however, no such question is now before us.

We hold, therefore, that no case was before the Superior Court which warranted any action by that court under section 24; that the appointment of the receiver was not even colorably right, and that under section 27 the duty of the

court was to put " the costs of the proceedings " upon the plaintiff, who had wrongfully started them.

On the 4th day of November, 1893, while the receiver was yet in possession, " The court, with the consent of all parties, including said Emanuel Frankenthal, hereby directs that the sum of $1,200 be forthwith deposited by said Emanuel Frankenthal, garnishee herein, with the clerk of this court; said fund to be applied under the direction of this court toward the payment of whatever sum this court may hereafter decree that said receiver shall be awarded in the premises." (Quotation from the record.)

The words " to be applied under the direction of this court," did not require that the court should so direct unless such direction would be just and equitable.

From all the circumstances it is apparent that this consent was extorted, and the court rightly directed the return of the money. The judgment is affirmed.