**Gomer E. Highley v. Royal E. Deane, George G. Brooks, Berkey & Gay Furniture Company, Leopold Schlesinger and David Mayer.**

1.   COSTS—*Of a Receiver Appointed without Cause.*—Where a party, without probable cause, obtains the appointment of a receiver, he should be made to pay the entire expense thus by him created.

**Mortgage Foreclosure.**—Appeal from the Circuit Court of Cook County; the Hon. THOMAS G. WINDES, Judge, presiding. Heard in this court at the March term, 1896. Affirmed. Opinion filed June 1, 1896.

STATEMENT OF THE CASE.

In the spring of 1893, Bramhall, Deane & Company, Schlesinger & Mayer, and the Berkey & Gay Furniture Company sold and delivered household goods to the Calumet Association to equip its hotel in Chicago, known as the Rossmore Hotel. The purchaser executed to each of these firms chattel mortgages on the goods sold by each, to secure payment of the purchase price thereof. These liens, except that of Schlesinger & Mayer, were kept in force of record until May 1, 1894. That of Schlesinger & Mayer had been

allowed to expire prior thereto. In March, 1894, the Calumet Association executed and delivered to Gomer E. Highley two judgment notes, payable on demand after date, aggregating $6,000; on April 30, 1894, said association executed a chattel mortgage on all the household goods in said hotel, which was filed for record on May 1st, at 9 A. M. On May 1st the association executed to Berkey & Gay Furniture Company, and to Bramhall, Deane & Company, chattel mortgages for the indebtedness then due each on the property covered by their former mortgages respectively. These instruments, duly acknowledged, were filed for record respectively on May 1, 1894, at 3 P. M., and on May 3d, following.

Deeming themselves insecure, Bramhall, Deane & Company, on or about the 29th day of June, 1894, took out a writ of replevin for the property described in their mortgage; whereupon Gomer E. Highley filed in said court his bill to foreclose his mortgage and secured a preliminary injunction restraining Bramhall, Deane & Company and James H. Gilbert, sheriff, from removing or further interfering with said property, which was duly served upon the said James H. Gilbert July 5th. The complainant afterward filed an amended bill praying foreclosure of his mortgage, and an injunction, and making additional parties defendant. Bramhall, Deane & Company, Schlesinger & Mayer, Berkey & Gay Furniture Company, James H. Gilbert, sheriff, and all parties in interest, were made defendants, and brought within the jurisdiction of the court. The first three only are concerned in this appeal. Each of these filed an answer setting up its or their own mortgage, charged want of consideration for complainant's notes and mortgage, charged that they were executed with a fraudulent intent common to both the complainant and the Calumet Association to defraud creditors of said association, and averred priority and validity to their own mortgages. Each of said defendants filed a cross-bill in which they make the same charges contained in their said answers, set up their own mortgages and the consideration therefor, and pray that the same be foreclosed,

and that the property described in each be delivered up to them respectively, or sold, and the proceeds paid over to them.

July 9, 1894, on the application of the Berkey & Gray Furniture Company, the court appointed the Chicago Title & Trust Company receiver for the property covered by its mortgage, whereupon, at the request of complainant, the other parties not objecting, the court extended the receivership to cover all the property described in the bill then filed. The said Trust Company qualified as receiver, and thenceforth acted as such until discharged by the court below on the day when its final decree was entered.

The court, upon hearing, found that the mortgage of complainant was fraudulent and void as to the cross-complainants; that the mortgage asserted by each cross-complainant was valid and a prior lien to that of complainant; dismissed complainant's bill; decreed that the receiver pay to each of the said cross-complainants the proceeds of the sale of property mortgaged to each respectively; that complainant pay the costs of the proceeding, and costs and expenses of the receiver; and that complainant pay to each as a deficiency the receiver's charges and expenses by it paid out of the proceeds of sale of said property, as follows:

To Berkey & Gay Furniture Company............$337.53
To Bramhall, Deane & Company.................. 75.01
To Schlesinger & Mayer........................ 87.52
and that each have execution therefor; whereupon complainant moved to set aside the said decree so far as it allow receiver's costs against said complainant. At the September term following, the court overruled said motion; and said defendant, having applied to the court to set aside the order overruling the said motion, the court at said term denied said motion and allowed complainant's prayer for appeal, which was accordingly taken to the Appellate Court.

George S. Steere, attorney for appellant; Edward C. Fitch, of counsel.

Flower, Smith & Musgrave, attorneys for Berkey & Gay Furniture Company.

MORAN, KRAUS & MAYER, attorneys for Schlesinger & Mayer, appellees.

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

Notwithstanding what is urged to the effect that appellant has not appealed from the decree, and that the order appealed from is not one that is appealable, we deem it best to dispose of this case upon the merits.

Appellant urges that as the receiver was not appointed at his instance, although his claim was properly found to be devoid of equity, he ought not to be charged with the expense of the receivership. What appellant did do, was to file a bill to foreclose a mortgage, afterward found to be fraudulent, and upon this bill he obtained an injunction restraining Bramhall, Deane & Company from removing property upon which it had a valid mortgage.

This made the appointment of a receiver for such property proper, if not necessary. A receiver for this property having been appointed, appellant applied for and obtained an extension of the receivership to all the property described in the various mortgages, of which that of Bramhall, Deane & Company was but a small part.

Appellant was, before a receiver was appointed, liable upon the bond given to obtain an injunction against Bramhall, Deane & Company.

Appellant, by the filing of his bill, the injunction and receivership obtained by him, caused the expense of the receivership, and has properly been ordered to pay the same. But for the conduct of appellant, no receiver would, so far as appears, have been necessary.

Where a party, without probable cause, obtains the appointment of a receiver, he should be made to pay the entire expense thus by him created. Einstein v. Lewis, 54 Ill. App. 520; Myers v. Frankenthal et al., 55 Ill. App. 390.

The order of the Circuit Court is affirmed.