In re T. E. HILL CO.

BITHER v. COLEMAN.

(Circuit Court of Appeals, Seventh Circuit. November 15, 1907.)

No. 1,390.

1. BANKRUPTCY—JURISDICTION—APPOINTMENT OF RECEIVER.
     On the filing of a petition for an adjudication of bankruptcy against a corporation and service of process, jurisdiction over the parties and subject-matter attaches, authorizing the court to appoint a receiver under Bankr. Act July 1, 1898, c. 541, § 2 (3), 30 Stat. 545 [U. S. Comp. St. 1901, p. 3421], permitting such appointment when necessary to preserve the estate, which power is not affected by the fact that an adjudication is thereafter denied.

2. SAME—ALLOWANCE FOR SERVICES.
     Where, after jurisdiction had attached in a bankruptcy proceeding, a receiver was appointed to take charge of the assets of the alleged bank-

rupt, the court had power in the first instance to direct that the needful expenses and compensation of the receiver be paid out of the property in his hands, though the proceedings were subsequently dismissed, it being no part of the receiver's duty to move to recover such expenses and compensation against the petitioning creditors.

3. SAME—ATTORNEY FOR RECEIVER—FEES.

Ordinarily, the duties of a statutory receiver for an alleged bankrupt neither require nor justify employment of an attorney, and hence no claim for the services of an attorney so employed is chargeable per se against the estate, predicated alone on the fact of employment and service rendered.

4. SAME.

Where attorneys for a receiver of an alleged bankrupt were also actively engaged throughout a protracted contest in bankruptcy, as attorneys for the petitioning creditors, and were not independent counsel employed by the receiver, as comtemplated by an order granting leave to the receiver to employ counsel, and the bankruptcy proceeding was thereafter dismissed, an order declining to make an allowance to such attorneys for services rendered to the receiver was correct, such expense being rightfully chargeable against the petitioning creditors.

Petition and Cross-Petition to Review and Revise an Order of the District Court of the United States for the Eastern Division of the Northern District of Illinois, in Bankruptcy.

This hearing arises upon a petition and cross-petition to review and revise an order of the District Court, sitting in bankruptcy, in the matter of T. E. Hill Company, alleged bankrupt, upon the final report and petition of the receiver appointed therein, in two particulars: (1) Under the petition of William A. Bither, assignee, etc., for allowing compensation to the receiver in bankruptcy for his services; and (2) under the cross-petition of William A. Coleman, receiver, for disallowing a claim for compensation to his attorneys. The order thus brought for review recites a hearing upon the receiver's final report and petition for the allowances in question, report of the referee thereupon under an order of reference, objections to such report filed by the receiver, and notice to and appearance of all parties in interest, followed by various provisions not in controversy, together with the allowance and disallowance, respectively, of which review is sought.

These are found and ordered substantially as follows: (1) After reciting in the orders that the services of the receiver "have been peculiarly and especially beneficial" to the estate and performed partly in the Eastern District and partly in the Northern District of Illinois; "that large financial benefits have inured to all parties beneficially interested in said estate by reason of" such services; that "it is just and equitable" that he be paid a reasonable fee therefor "out of the assets of said estate remaining in his hands"; and that "$1,500 is a just, fair, and reasonable fee" for such services, such allowance is made, to be paid to himself by the receiver out of the assets in his hands, before paying over to the assignee (Bither), the remaining funds, as further directed by the order. (2) The provision in respect of the claim for attorney's services is thus stated: "It is further ordered, that the just and reasonable value of the services of the attorney for said Coleman, as receiver, is $1,000, but the court orders that the claim for said services is not a proper charge on said trust estate, and the motion of said receiver that he be authorized to pay said sum out of the funds of said estate is denied."

Other matters involved in the consideration are sufficiently mentioned in the opinion.

Charles C. Buell, for petitioner.

Lloyd C. Whitman, for respondent.

Before BAKER and SEAMAN, Circuit Judges, and QUARLES, District Judge.

SEAMAN, Circuit Judge (after stating the facts as above). These petitions for review and revision of orders in bankruptcy—one for allowing expenses incurred by the receiver and compensation for his services, and the other for disallowing a claim for services of his attorney—involve no consideration of the extent or value of the services rendered in one and the other instance, nor any dispute of fact. The original petition raises the question of law, whether any allowance to the receiver out of the assets was within the authority of the bankruptcy court, and the cross-petition challenges such authority to deny compensation to the attorney for the receiver, under the circumstances found.

In reference to the bankruptcy proceedings in which the orders were entered, mention of these general facts is sufficient to indicate the jurisdictional status: The bankruptcy jurisdiction was duly invoked by a petition of creditors for adjudication of bankruptcy against T. E. Hill Company, an Illinois corporation, averring cause and liability within the act; and upon like application and showing of cause the court appointed William A. Coleman as receiver, to secure possession of a large amount of personal property located in various places. Issues were raised only under the petition for involuntary adjudication, and the hearings were protracted before a master and in the District Court, resulting in a dismissal upon the ground that the corporation was not subject to adjudication as a bankrupt. Upon appeal to this court (In re T. E. Hill Company, Alleged Bankrupt, 148 Fed. 832, 78 C. C. A. 522), the decision of the District Court was affirmed. Pending such proceedings, the receiver obtained possession of the corporate property, largely in the hands of third parties as claimants, and performed the needful services in question for its preservation and custody, including service with the property in the completion of contract obligations of the corporation; also under several orders of the court, reciting consent on the part of the alleged bankrupt, portions of the property were sold, portions removed from other districts, and leases of plant and equipment were authorized. Such custody and service extended from September 21, 1905, to February 1, 1907; and the only contest or objection raised in the course of proceedings was to the adjudication of bankruptcy. Meantime (February, 1906), the T. E. Hill Company executed an assignment of all its property, under the voluntary assignment act of Illinois, to the present petitioner William A. Bither, as assignee, and the order in question directs the receiver of the District Court to turn over to such assignee the assets in his hands, less the expenses incurred, as allowed, and the allowance for his compensation.

1. On behalf of this assignee it is contended that he is entitled to the corporate assets "without any deduction for the expenses of the receivership"—in effect, that it was not within the power of the court, after dismissal of the petition for adjudication of bankruptcy, to award payment for expenses or compensation of the receiver out of the funds in the custody of the court. The only reviewable question under his petition rests on this broad proposition, and it cannot be upheld, as we

believe, when the jurisdiction of the District Court over the subject-matter is ascertained and recognized.

Upon the filing of the petition for an adjudication of bankruptcy against the corporation and service of process, jurisdiction over parties and subject-matter was established (Denver First National Bank v. Klug, 186 U. S. 202, 204, 22 Sup. Ct. 899, 46 L. Ed. 1127, and cases cited), and was complete for the hearing and determination of all the issues involved, whatever the ultimate conclusions of the court upon such issues. In re First National Bank of Belle Fourche, 152 Fed. 64, 68, 81 C. C. A. 260; Columbia Ironworks v. National Lead Co., 127 Fed. 99, 101, 62 C. C. A. 99, 64 L. R. A. 645. So, under section 2 (3) of the Bankruptcy Act, Act July 1, 1898, c. 541, 30 Stat. 545 [U. S. Comp. St. 1901, p. 3421], the power and duty of the court, in such case, is unquestionable, to appoint a receiver, when found necessary for preserving the estate in controversy, "to take charge of the property * * * after the filing of a petition and until it is dismissed, or the trustee is qualified." This preservation of res and statu quo is an elementary requirement in bankruptcy, when ground appears for the exercise of such power, and until the issues are decided the jurisdiction is exclusive. The receiver, upon appointment and acceptance, becomes the officer and hand of the court in performance of his duties, neither subject to the wishes or directions of the parties, nor dependent upon the result of the controversy for payment of expenses or services; and he is clearly entitled to protection by the court, in the exercise of such jurisdiction, for all expenses rightly incurred and services rendered under its orders, either in allowances out of the funds committed to his charge, or through provision otherwise made by the court to that end. The rule thus settled in reference to receivers in equity (High on Receivers, § 796, and Smith on Receiverships, § 350), applies with special force for protection of these statutory receivers. While it is the undoubted purpose of the statute to limit the functions of the receiver in bankruptcy (Boonville Nat. Bank v. Blakey, 107 Fed. 891, 894, 47 C. C. A. 43), and his performance must be confined to the statutory requirements and directions of the court thereunder, the authority vested in the court is ample, as we believe, to provide for payment of needful expenses and compensation (within the prescribed limits) out of the property thus taken custodia legis. Assuming that the court may ultimately charge such expenses, in whole or in part, against the petitioning creditors, on dismissal of the proceedings, and further assuming for the argument, that they should be so charged in the case at bar, as contended, it is not the place of the receiver to move for relief of one or the other party, nor are his rights dependent upon the equities of the parties therein. So, the authorities cited in support of the contention that the receivership expenses were rightfully chargeable to the petitioning creditors (In re Lacov, 142 Fed. 960, 74 C. C. A. 130, and cases reviewed; Link Belt Mach. Co. v. Hughes, 195 Ill. 413, 417, 63 N. E. 186, 59 L. R. A. 673, and citations) are inapplicable upon the present inquiry.

We are of opinion, therefore, that allowance out of the assets for expenses of the receivership was authorized, as within the statutory

purposes of the appointment; and no other question of law is raised by the petition to review such allowance. It must be presumed that the court observed the limitations of the statute in respect of the extent and objects of the receivership, that the expenses were rightly incurred, and that both services and compensation were within such limitations. The various circumstances entering into consideration for the amounts of allowance are not reviewable under this petition.

2. The court denied the allowance prayed by the receiver for services of his attorney, and no reviewable error appears therein, as we believe, in any view of the case. Ordinarily, the duties of this statutory receiver neither require nor justify employment of an attorney, and it is plain that no claim for such services is chargeable per se against the estate, predicated alone upon the fact of employment and service rendered. The court may well reject claims therefor, as "not a proper charge on said trust estate" (in the terms of the present order), in the exercise of a sound discretion to limit expenditures of administration within just bounds, and various considerations may enter into the disapproval, with no call for their mention of record. The contention for review in the present instance rests on the special terms of the order denying the charge, together with the fact that a previous order had granted leave to the receiver "to employ counsel to assist and advise him in and about the administration." The order disallowing the claim states "that the just and reasonable value of the services of the attorney for the 'receiver' is $1,000, but the court orders that the claim for said services is not a proper charge on said trust estate," and the motion to authorize payment out of the funds is denied. While no circumstances are stated in the order as ground for the conclusion that the claim was not properly allowable against the estate in custody, all proceedings in the case were before the court, and presumptively sufficient cause had appeared for such conclusion. Unless, therefore, the above-mentioned authority to employ counsel, together with the recital of value in the service of these attorneys, are decisive of a right to charge the estate, the order of the court must not be disturbed.

The record discloses the further fact that the attorneys for whom the claim is made were actively engaged, throughout the protracted contest in bankruptcy, as attorneys for the petitioning creditors, and were not independent counsel employed by the receiver, within the spirit of the order referred to. It is the general rule that receivers are to select counsel not identified with the interests of one or the other party to the litigation (Beach on Receivers, § 262; Gluck & Becker on Receivers of Corp. § 47; In re Kelly Dry Goods Co. [D. C.] 102 Fed. 747, 749); and for departure from this wholesome rule special circumstances and authorization are needful. In the case at bar, whatever recognition of such employment may appear from the fact that such attorneys appeared before the District Court in both relations, no injustice appears in denial of their claim as a separate charge against the property, held in custody through their contest for the petitioning creditors, when defeated in their bankruptcy proceedings. Such expense may rightly be charged, in whole or in part, against the defeated party

(In re Lacov, 142 Fed. 960, 74 C. C. A. 130) and the view stated is sufficient for affirmance of this order, which merely denies charge upon the property held in custody, but without prejudice to other relief.

Both orders are affirmed accordingly, with the costs borne and divided equally between the parties.