### In re CHARLES W. ASCHENBACH CO.

(Circuit Court of Appeals, Second Circuit. November 14, 1910.)

#### No. 70.

BANKRUPTCY (§ 474*)—COSTS OF RECEIVERSHIP—POWER OF COURT TO TAX AGAINST PETITIONING CREDITOR.

Where a petition in involuntary bankruptcy is dismissed as unfounded, the court has authority in its discretion in the first instance to direct that the costs and expenses of a receivership be paid by a petitioning creditor, on whose application the receiver was appointed.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 878–884; Dec. Dig. § 474.*]

Petition to Review Order of the District Court of the United States for the Southern District of New York.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

In the matter of the Charles W. Aschenbach Company, alleged bankrupt. On petition by David G. Way to revise order of District Court. Affirmed.

See, also, 98 C. C. A. 290, 174 Fed. 396.

Henry Hoelljes (Leo Oppenheimer, of counsel), for petitioner. Michael Kirtland, for respondent.

Before LACOMBE, WARD, and NOYES, Circuit Judges.

LACOMBE, Circuit Judge. Way and other creditors filed a petition on April 2, 1909, praying that the company be adjudged an involuntary bankrupt. On the same day, upon the application of Way, an order was made appointing a receiver, who took possession of the property and in compliance with the instructions of the court carried on the business of the alleged bankrupt until April 30, 1909. On April 29th an order was made dismissing the petition and vacating the receivership. This order was carried up and subsequently affirmed by this court. On April 30th the receiver returned all the property to the alleged bankrupt. The receiver duly accounted. His accounts were sent to special master and have with modifications been approved by the court.

There seems to be no dispute that the amount awarded to the receiver for his fees and petty disbursements is correct. What is challenged is the propriety of so much of the order as directs that the petitioning creditor, who instituted the proceeding and upon whose petition the receiver was appointed, should pay such amount to the receiver. Abundant authority for such order is found in the opinion of this court in Re Lacov, 142 Fed. 960, 74 C. C. A. 130. Reference is made in the briefs to a later decision in the Court of Appeals for the Seventh Circuit (In re T. E. Hill Co., 159 Fed. 73, 86 C. C. A. 263); but we find in it nothing at all in conflict with our former decision. It holds that the bankruptcy court has power to direct that the needful expenses and compensation of the receiver be paid in the first instance out of the property in his hands and that his rights are not dependent on the equities of the parties to the proceeding; all of which is true enough, but cannot fairly be construed as holding that the bankruptcy court has no discretion to assess the expenses in the first instance against the person ultimately responsible, if it thinks that is the wiser and more efficient course to pursue in some particular case. In the case at bar it certainly seems that it is the better practice, settling the entire matter as in fairness and equity it should be settled, without requiring the injured party to bring an independent action against the petitioning creditor to recover the loss to his estate consequent upon payment of receiver's expenses.

In some other and different case, where there was doubt as to the petitioning creditor's solvency, or the value of his bond, or where it might be difficult to effect service upon him, the other course might be the only one which would secure the receiver against loss. It is suggested in the brief that the Lacov Case only decided that the receivership expenses are ultimately chargeable to the petitioning creditor, and did not hold that they might be collected from him in the first in-

stance. This is an entire misconception of the case. From the latter part of the opinion it will be seen that the question came up on petition to review an order adjudging a petitioning creditor in contempt for his failure to obey a former order directing him directly to pay the expenses of receivership, and the contempt order was affirmed.

Pending an appeal from the order dismissing the proceeding in involuntary bankruptcy, the petitioning creditor and the bankrupt made some stipulation between them, and the former paid the latter an agreed sum of money in cash and a note. It does not appear to us that this circumstance changes the situation in any way. If this payment, in addition to what this order requires him to pay, exceeds the amount of damages for which he made himself liable by prosecuting an unsuccessful proceeding against the alleged bankrupt, he may recover the excess by some appropriate proceeding against the company.

The order is affirmed.