CROWN COTTON MILLS v. TURNER.

(Circuit Court, S. D. New York. August 26, 1897.)

FEDERAL JURISDICTION—SUIT IN WRONG DISTRICT—GENERAL APPEARANCE—
MOTION TO DISMISS.

The filing of a general appearance in a federal court in an action commenced by service of summons alone is no waiver of defendant's right to move to dismiss for want of jurisdiction, when, on the subsequent service of the complaint, it for the first time appears that the only ground of federal jurisdiction is diverse citizenship, and that the action is brought in the wrong district.

This was an action at law by the Crown Cotton Mills against J. Spencer Turner. The case was heard on a motion to dismiss for want of jurisdiction.

James McKeen, for the motion.

Howard A. Taylor, opposed.

LACOMBE, Circuit Judge. The plaintiff is a Georgia corporation; defendant, a resident of the Eastern district of New York. The action was begun by the service of a summons, without complaint or any statement of the cause of action; nor was the complaint filed. Defendant entered a general appearance, demanding a copy of the complaint. It subsequently appeared, when the complaint was served, that complainant was a resident of Georgia, and the cause of action one of which the federal courts take jurisdiction solely because it involves a controversy between citizens of different states. Under the statute the action could properly be brought only in one of the districts of Georgia or in the Eastern district of New York, and the remedy of a defendant sued elsewhere is by motion to dismiss for lack of jurisdiction, which is the motion now made. It is urged in opposition that the general appearance served by defendant is a bar to his obtaining the relief asked for. It is abundantly settled that in such cases a general appearance is a waiver of the right to object that the action is not brought in the proper district, but the case at bar appears to be of novel impression, since, by reason of the fact that action was begun solely by service of the summons, there was nothing to indicate to defendant, at the time he appeared, that the Southern district of New York was not the proper one. There seems to be manifest unfairness in holding that defendant has waived rights of which he was not advised, when his ignorance is the necessary consequence of plaintiff's own act. There is nothing to the suggestion that defendant must have known that plaintiff was a Georgia corporation, because he had transacted business and carried on a correspondence with it; sending letters to, and receiving them from, Dalton, Ga. But that was no indication that plaintiff had not been incorporated in the state of New York, nor that its principal office was not in the city of New York. And, even as a Georgia corporation, it would, under recent amendments, have the right in certain cases to bring suit here for alleged infringement of patent. It was not till the cause of action was disclosed by the complaint that defendant could know positively that it was one not properly cognizable in this court. Motion granted.