### In re WILKES–BARRE LIGHT CO.

(District Court, M. D. Pennsylvania. September 26, 1916.)

#### No. 2082.

1. BANKRUPTCY ⊜474—COSTS—RECEIVERSHIP.

After the filing of a petition in bankruptcy against a light company and the appointment of a receiver, the company and creditors agreed that the receiver appointed should resign and all parties suggested the appointment of three other receivers for the purpose of harmonizing conflicting interests, promoting the business of the company and securing a full enjoyment of its franchise. The appointment was made and the receivers conducted the business of the company for over three years until the court, on motion of the creditors to dispose of the company's demurrer to the petition, found that the company was not subject to adjudication as a bankrupt. The petition was then dismissed, and the company objected to allowance of compensation to the receivers and fees to their counsel. *Held*, as the receivers were appointed at the joint request of the company and creditors and as the company long acquiesced in such appointment, the receivers who transacted a large volume of business, improving the company's plant, are entitled to compensation, and the company cannot avoid it because it was not subject to adjudication in bankruptcy, though such would have been the rule had it seasonably objected.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 878–884; Dec. Dig. ⊜474.]

⊜For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

2. BANKRUPTCY ⬡=11—JURISDICTION OF COURT—SUBJECT-MATTER.

Though the company against which was filed an involuntary petition in bankruptcy was not subject to adjudication, a court of bankruptcy which entertained the petition and appointed a receiver had jurisdiction both over the parties and the subject-matter.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 14–25, 35–37; Dec. Dig. ⬡=11.]

In Bankruptcy. In the matter of the Wilkes-Barre Light Company, an alleged bankrupt. On exceptions to receivers' account. Account modified and affirmed.

See, also, 224 Fed. 248.

W. I. Hibbs and M. J. Mulhall, both of Pittston, Pa., for bankrupt.
A. Hourigan and E. G. Butler, both of Wilkes-Barre, Pa., for receivers.

WITMER, District Judge. Shortly after the appointment of a receiver in equity proceedings instituted in the Luzerne county courts, a petition was filed, January 17, 1912, by certain creditors against the Wilkes-Barre Light Company seeking to have the company adjudged a bankrupt. A few days thereafter, on proper showing, a receiver was appointed by this court. Appearances and answers were filed February 14, 1912, by certain creditors and others on behalf of the stockholders and bondholders, and the alleged bankrupt filed a demurrer denying the authority of the court to adjudicate the company a bankrupt. Three days thereafter the parties of record, including the light company, entered into a friendly arrangement or agreement in writing, which was by their request made a matter of record, whereby it was stipulated:

"That the proceedings in the case are suspended until such time as either the petitioning creditors, the alleged bankrupt or the appearing bondholders, stockholders and creditors shall give to each other ten days' notice of resumption of the proceedings."

It was also agreed the receiver, T. D. Shea, would resign as such receiver. The receiver having resigned on February 24, 1912, all of the parties in interest appearing of record, including the light company, appeared in court by petition, setting forth the facts in the proceeding, suggesting the resignation of the former receiver, and praying for the appointment of Guy W. Moore, Fred C. Kirkendall, and John A. Hourigan as receivers, alleging that:

"These proceedings are had for the purpose of harmonizing all conflicting interests and promoting the business of the company and securing a full enjoyment of its franchise."

The appointment was made as requested, and these receivers conducted the business of the company until the court, on motion of the alleged creditors to consider the matters raised by answer and demurrer, decided, May 23, 1915, that the light company was not subject to adjudication as a bankrupt, dismissing the petition. Following this decision, the receivers filed their account, and the light company now

⬡=For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

objects to the allowance of compensation to the receivers and fees to their counsel.

[1, 2] The light company should undoubtedly not be visited with these costs were it not for its conduct as it has been made to appear. For more than three years the company has been content to lie by and accept the services of the persons whom it proposed to the court for appointment "to promote its business and secure a full enjoyment of its franchise." I am satisfied that the receivers succeeded in meeting the object which prompted their selection; at any rate, the company must have thought so, otherwise it would not have rested on its oars until others assumed the offensive. A large amount of business was transacted by the receivers; the company's plant was improved by the issuing of receiver's certificates; the business of the company was extended and its revenues increased, as appears by the receivers' account, resulting undoubtedly in enhancing the assets of the company and the enjoyment of municipal recognition, which was obtained for it during the receivership.

Under these circumstances, good sense and justice demands that the court's officers should not go empty-handed. The services of the receivers and their attorneys appear to have been beneficial to the company, and to that extent they should be compensated out of its assets. That the court is not without authority, having assumed jurisdiction over the parties and subject-matter, was recognized in Re T. E. Hill Co., 159 Fed. 73, 86 C. C. A. 263, 20 Am. Bankr. Rep. 75, and authorities there cited.

The claim of the receivers appears fairly commensurate with their services and is approved.

The claim of attorneys' fees for services rendered, from what has been made to appear by the record and on oral argument of counsel, seems somewhat excessive, and the court will assume the responsibility of reducing the same and fixing it at $2,500. With this modification, the exceptions to the account are overruled, and the account confirmed finally.