## BURNRITE COAL BRIQUETTE COMPANY *v.* RIGGS ET AL.

### CERTIORARI TO THE CIRCUIT COURT OF APPEALS FOR THE THIRD CIRCUIT.

No. 227. Argued March 11, 14, 1927.—Decided May 2, 1927.

1. The objection to the bringing of a suit, dependent on diversity of citizenship, in the District Court in a State of which neither party is a citizen, goes to the venue, and may be waived by general appearance and other action. P. 211.
2. A federal District Court may, under its general equity powers independently of any state statute, entertain a bill of a stockholder against the corporation for the appointment of at least a temporary receiver in order to prevent threatened diversion or loss of assets through gross fraud and mismanagement of its officers. P. 212.
3. The fact that a bill seeking appointment of a receiver of a corporation is brought in a State other than that of the incorporation may lead the court to decline to interfere as a matter of comity or for want of equity; or it may require the court to limit the scope of the relief granted. But the fact of incorporation under the laws of another State does not preclude jurisdiction. P. 212.

4. Where a receiver is appointed in a stockholder's suit by a federal court having jurisdiction, and the appointment is held on review to have been wrongly made, the court may, in the exercise of its judicial discretion, require that the receivers' charges be paid either by the corporation or by the unsuccessful plaintiff. P. 214.

5. And where a court, in the exercise of jurisdiction, has erroneously appointed a receiver, the acquiescence of the defendant may influence the court, in its discretion, to make the receivership expenses a charge upon the fund. P. 214.

6. A decree of the Circuit Court of Appeals reviewing a decree of the District Court which appointed receivers, and directing a dismissal of the bill " for want of jurisdiction," does not become the law of the case so as to require this Court, upon review of a second appeal from a decree allowing the receivers' expenses, to assume that the dismissal of the bill directed was properly for want of jurisdiction. P. 215.

6 F. (2d) 226, affirmed.

CERTIORARI (269 U. S. 547) to a decree of the Circuit Court of Appeals which affirmed one of the District Court allowing receivers' expenses against a corporation in a stockholder's suit. See also 291 Fed. 754.

*Messrs. James J. Lynch* and *George W. C. McCarter* with whom *Mr. Robert H. McCarter* was on the brief, for petitioner.

*Mr. Merritt Lane,* with whom *Mr. Joseph L. Smith* was on the brief, for respondents.

MR. JUSTICE BRANDEIS delivered the opinion of the Court.

This suit was brought in the federal court for New Jersey against the Burnrite Coal Briquette Company, a Delaware corporation, by Riggs, a stockholder. The bill charged gross mismanagement; prayed for the appointment of a receiver to conserve the assets; and asked, that " if deemed advisable " the court " proceed under the statutes of the State of New Jersey . . . and that the

receiver be given all the powers and be charged with all
the duties imposed upon such a receiver by the statutes."
Upon the filing of the bill, receivers were appointed,
action by the corporation was enjoined, and an issue of
receivers' certificates was authorized, all *ex parte*. After
an elaborate hearing upon an order to show cause, the
receivers were continued until final hearing. Upon final
hearing, the charges of mismanagement were sustained
and the receivership was again ordered continued,

" with all the powers vested in them by previous orders
by this court made, and with all of the powers conferred
upon receivers by an act of the State of New Jersey, en-
titled, 'An act concerning corporations,' revision of 1896,
its amendments and supplements thereto, and that the
receivers continue to operate the business of said defend-
ant corporation upon a re-organization or re-adjustment
of the affairs of said corporation or such disposition as
may be hereafter directed to be made of the affairs of
said corporation by this court."

The Court of Appeals reversed the decree entered upon
the final hearing and directed that the bill be dismissed
for want of jurisdiction. The decision was not rested
upon the ground that a State cannot enlarge the remedial
right to proceed in a federal court sitting in equity, see
*Pusey & Jones* v. *Hanssen,* 261 U. S. 491; nor upon the
ground that a State cannot modify the substantive rights
of a stockholder as against a foreign corporation merely
because it happens to have property within the State.
Compare *Maguire* v. *Mortgage Co.,* 203 Fed. 858. The
reversal was placed solely upon the ground that the cor-
poration had been found by the District Court solvent at
the time of the filing of the bill; that the statute of New
Jersey, as interpreted by its courts, conferred no power
upon its own courts to appoint receivers of foreign cor-
porations unless they were insolvent; and that the juris-

diction of the federal court was determined by that of the state courts. 291 Fed. 754.

After the coming down of the mandate, directing dismissal for want of jurisdiction, the District Court allowed the account of the receivers who had been active during a period of nearly two years; directed payment by the corporation of the receivers' obligations then outstanding, their expenses, the costs, and compensation for their own services and those of their counsel, amounting in all to nearly $80,000; declared these amounts a lien upon the corporation's property; and ordered that, in default of payment, the property be sold to satisfy the charges. Upon a second appeal, that decree was affirmed by the Court of Appeals. 6 F. (2d) 226. The corporation contended that since the District Court was held to be without jurisdiction, it had no power to allow the account and order the payment out of the fund. *Lion Bonding and Surety Co.* v. *Karatz,* 262 U. S. 640, 642. This Court granted a writ of certiorari. 269 U. S. 547.

The main question for decision is whether, in view of the Court of Appeals' direction to dismiss the bill for want of jurisdiction, it was error to allow thereafter the receivers' account and direct the payment. There was an objection to the jurisdiction, which, if it had been seasonably taken, must have prevailed. *Camp* v. *Gress,* 250 U. S. 308. The plaintiff was a citizen of New York; the defendant a Delaware corporation; the federal jurisdiction rested wholly on diversity of citizenship; and neither party was a citizen of New Jersey. Thus, there was a sound objection to the venue. If that objection had been duly made, and had been insisted upon, an error of the lower court in overruling it could not justify charging the corporation now with payment of any charge on account of the receivership. But that objection to the jurisdiction, being to the venue, could be waived.

*Central Trust Co.* v. *McGeorge,* 151 U. S. 129; *Kreigh* v. *Westinghouse & Co.,* 214 U. S. 249, 252–253. And, before it was taken by the answer, it had been waived by a general appearance and other action. This was conceded.

The reversal with direction to dismiss for want of jurisdiction, ordered on the first appeal, was put upon an entirely different ground. The Court of Appeals held that there was lack of jurisdiction of the subject matter. It assumed that the jurisdiction of the federal court was dependent upon the state statute. This was error. A federal district court may, under its general equity powers independently of any state statute, entertain a bill of a stockholder against the corporation for the appointment of at least a temporary receiver in order to prevent threatened diversion or loss of assets through gross fraud and mismanagement of its officers.[1] There were allegations in the bill adequate to support a suit of that character; and there was nothing in the bill inconsistent with its being entertained as such. The only reference in the bill to the state statute was in one of its eleven prayers. After the waiver of the objection to the venue, there was federal jurisdiction over the parties and of the subject matter and there was equity jurisdiction.

The fact that a bill seeking appointment of a receiver of a corporation is brought in a State other than that of the incorporation may lead the court to decline to interfere as a matter of comity or for want of equity; or it may require the court to limit the scope of the relief

---

[1] See *Dodge* v. *Woolsey,* 18 How. 331, 341–344; *Zeckendorf* v. *Steinfeld,* 225 U. S. 445, 459; *Citizens' Savings & Trust Co.* v. *Ill. Cent. R. R. Co.,* 205 U. S. 46; *Clark* v. *National Linseed Oil* Co., 105 Fed. 787; *New Albany Waterworks Co.* v. *Louisville Banking Co.,* 122 Fed. 776; *Callins* v. *Williamson,* 229 Fed. 59.

granted.[2]   But the fact of incorporation under the laws of another State does not preclude jurisdiction.[3]   If the dismissal directed by the Court of Appeals on the first appeal was proper (as to which we have no occasion to express an opinion), it must be justified on the ground that, in view of the facts, the District Court erred in its judgment in appointing and continuing the receivers. Compare *Chicago Title & Trust Co.* v. *Newman,* 187 Fed. 573, 576.   In other words, the dismissal must rest on the ground that there was want of equity, not on lack of jurisdiction.

The District Court, assuming erroneously that it was without jurisdiction of the cause, based the order of payment solely on a supposed exception to the rule which denies to a court lacking jurisdiction the power to allow receivers' charges.   According to the supposed exception, a party who has acquiesced and has thereby joined in misleading the court into an erroneous exercise of jurisdiction, may not complain when he is, thereafter, saddled with the charges.   And he will be held to have acquiesced, despite a challenge of the jurisdiction, if his challenge was placed wholly upon an untenable ground; for, by objecting only on the untenable ground, he may have misled the court as much as if he had not objected at all.   The trial court rested its finding of acquiescence on the fact that, while vigorously opposing continuance of the receiver-

[2] See *Leary* v. *Columbia River Nav. Co.,* 82 Fed. 775; *Sidway* v. *Missouri Land Co.,* 101 Fed. 481; *Parks* v. *Bankers' Corporation,* 140 Fed. 160; *Pearce* v. *Sutherland,* 164 Fed. 609; *Maguire* v. *Mortgage Co.,* 203 Fed. 858.

[3] Compare *Central Trust Co.* v. *McGeorge,* 151 U. S. 129; *Lewis* v. *American Naval Stores,* 119 Fed. 391; *Scattergood* v. *American Pipe Co.,* 249 Fed. 23; *Ward* v. *Foulkrod,* 264 Fed. 627; *Kynerd* v. *McCarthy,* 3 F. (2d) 32; *See & Depew, Inc.* v. *Fisheries Products Co.,* 9 F. (2d) 235.   Compare also, *North American Land Co.* v. *Watkins,* 109 Fed. 101.

ship on other grounds, the corporation did not intimate a lack of jurisdiction until months after the appointment; that, aside from failing to object to the venue, it failed to appeal from the decree continuing the appointment of the receivers, when the case was heard upon the order to show cause; and that it stood by in silence while the receivers were borrowing and spending money upon its property, thus taking the benefit of their action. The assumption of the District Court in matter of law and its finding of fact were affirmed by the Court of Appeals.

We have no occasion to determine whether a federal district court which appoints a receiver in a case in which it necessarily lacks jurisdiction of the subject matter, so that jurisdiction cannot be acquired by acquiescence, may nevertheless impose upon the corporation, because of acquiescence, the usual charges incident to a receivership. For in the case at bar, the District Court had throughout jurisdiction of the subject matter. It is settled that where a receiver is appointed in a stockholders' suit by a federal court having jurisdiction, and the appointment is held on review to have been wrongly made, the court may, in the exercise of its judicial discretion, require that the receivers' charges be paid either by the corporation or by the unsuccessful plaintiff.[4]  See *Palmer* v. *Texas,* 212 U. S. 118, 132; *Lion Bonding and Surety Co.* v. *Karatz,* 262 U. S. 640, 642.   Compare *Atlantic Trust Co.* v. *Chapman,* 208 U. S. 360.   And where a court, in the exercise of jurisdiction, has erroneously appointed a receiver, the acquiescence of the defendant may influence the court, in its discretion, to make the receivership expenses a charge

---

[4] See *Ferguson* v. *Dent,* 46 Fed. 88, 96–99; *Clark* v. *Brown,* 119 Fed. 130; *Beach* v. *Macon Grocery Co.,* 125 Fed. 513; *In re Lacov,* 142 Fed. 960; *In re T. E. Hill Co.,* 159 Fed. 73; *In re Aschenbach Co.,* 183 Fed. 305; *In re Wentworth Lunch Co.,* 191 Fed. 821; *In re Wilkes-Barre Light Co.,* 235 Fed. 807; *In re Independent Machine Corp.,* 251 Fed. 484.

upon the fund.[5] It was well within the discretion of the District Court to charge the fund in the case at bar.

We have no occasion to consider the contention, made as to a part of the charges, that they were incurred after the acquiescence had ceased and, hence, do not fall within the supposed exception above referred to. For the waiver of the objection to venue conferred upon the District Court complete jurisdiction of the cause, and the power to impose upon the corporation payment of the receivers' charges does not rest on acquiescence. There is no serious contention that any particular charge allowed was, in its nature or in amount, improper, or that in allowing it as a charge against the fund there was an abuse of discretion.

The contention that the first decision of the Circuit Court of Appeals directing dismissal of the bill for want of jurisdiction had become " the law of the case " and that, therefore, this Court must assume that the dismissal of the bill directed was properly a dismissal for want of jurisdiction, is groundless. *Messenger* v. *Anderson,* 225 U. S. 436, 444; *Diaz* v. *Patterson,* 263 U. S. 399, 402; *Davis* v. *O'Hara,* 266 U. S. 314, 321.

*Affirmed.*

1. A continuing order for naval supplies made during the late war by direction of the President, under Acts of March 4 and June 15, 1917, examined and *held* to be not an offer to purchase but a command, acceptance of which " subject to conditions " specified, did

---

[5] See *Clark* v. *Brown,* 119 Fed. 130; *In re Wilkes-Barre Light Co.,* 235 Fed. 807; *In re Independent Machine Corp.,* 251 Fed. 484. Compare *Dillingham* v. *Moran,* 81 Fed. 759; 101 Fed. 933; *Pennsylvania Steel Co.* v. *New York City Ry. Co.,* 198 Fed. 721, 725–734.