### BROKAW et al. v. UNITED OIL & GAS PRODUCTS CO.
### No. 378.

District Court, W. D. Louisiana, Monroe Division.

June 18, 1930.

Theus, Grisham & Davis, of Monroe, La., for complainants.

Boyles, Brown & Scott and Pat N. Fahey, all of Houston, Tex., and Shotwell & Brown, of Monroe, La., for respondents.

DAWKINS, District Judge.

This is a suit in which the plaintiffs allege themselves to be stockholders in the defendant corporation, asking for the appointment of a receiver upon the grounds of fraud and mismanagement by its officers and agents, particularly of its president and general manager. The bill sets forth that, although the defendant is a Delaware corporation, all of its property and assets are within the jurisdiction of this court except a small amount of office furniture and fixtures, and petitioners are citizens of the state of Texas.

Defendant has met the suit in limine with an exception to the venue, claiming that under section 41, title 28, of the U. S. Code (section 24 of the Judicial Code [28 USCA § 41]), it is entitled to be sued at its domicile, that jurisdiction rests solely upon the ground that the plaintiffs and defendants are citizens of different states, and that the action is not one of a local nature, in which the plaintiffs claim the ownership or interest in or a lien upon property within this district. The petition is of considerable length, and charges several instances wherein the president bought in his own name, or those of corporations which he controlled, and sold to the company property for excessive sums during the time when he was president, general manager, and in control of its affairs. The total amounts alleged exceed a million dollars. Some of these matters are alleged to have occurred in 1919; others in 1923, 1927, and 1928.

It would seem that the primary purpose of obtaining a receiver at this time would be to have him bring suits attacking these transactions. All of them are, according to the petition, accomplished facts, and there does not appear to be any property or funds in the hands of the corporation which are in immediate jeopardy so as to take the case out of the ordinary category and to make it one wherein the necessities of the situation would justify a deviation from the general rule that the court of the corporation's domicile is the one to exercise jurisdiction in such matters.

The action is one of transitory character and I think is controlled by the decisions of the Supreme Court holding that, where neither party is a resident or citizen of a district in which the suit is filed, if a plea to the venue is timely urged, the court is without right to proceed further. I think

the plaintiffs will have to bring their suit either at the domicile of the defendant or within the jurisdiction where they reside as provided by the section of the Code mentioned. See Burnrite Coal Co. v. Riggs, 274 U. S. 208, 47 S. Ct. 578, 71 L. Ed. 1002, and authorities therein cited.

For the reasons assigned, I think the plea to the venue should be sustained and proper decree may be presented.