## SHOEMAKER et al. v. MERRILL MORTUARIES, Inc., et al.

### No. 1449.

District Court, D. Montana.
Feb. 28, 1933.

Howard A. Johnson, of Butte, Mont., and Hall & McCabe, of Great Falls, Mont., for plaintiff.

Murch & Wuerthner, of Great Falls, Mont., for defendants.

BOURQUIN, District Judge.

This is the usual suit wherein stockholder-beneficiaries allege the trustees, corporation, and directors are exploiting the trust to the latter's profit and the stockholders' loss, and pray for a receiver, restraint, accounting, and general relief.

At the preliminary hearing the corporation alone appeared, and specially in behalf of its motion to quash service, and the whole was heard and decision reserved.

Thereafter a temporary receiver was appointed as might be ex parte, for that, whatever be the final disposition of the motion and suit, an emergency existed which necessitated judicial custody and conservation of the corporation's business and assets.

And now the motion undecided is waived by the corporation's present motion to dismiss for want of jurisdiction of the subject-matter, of the nonresident director-defendants, because internal concerns of the corporation are involved, and is a prior presently existing receivership in Utah, the state of said defendants' residence and the corporation's organization.

The complaint alleges diverse citizenship, plaintiffs of Montana, defendants of Utah; the individual defendants in control by virtue of over 75 per cent. of the stock having voting power; false representations in sale of stock in Montana, issuance and sale of fictitious stock, and conversion of proceeds of stock sales by the defendants last aforesaid; diversion of funds, and ownership by said defendants of a service company to absorb profits by supplies at exorbitant prices sold to defendant corporation; all corporate business and assets save corporate books and office furniture are in Montana, as is a large proportion of stockholders of all stock, save that of voting power; collusive receiverships in Utah and Montana, the latter vacated on appeal, procured by defendants to defeat efforts to halt their pernicious activities; infringement upon corporate and stockholders' rights, damage to them, profit to defendant directors, accumulation of corporate debts needlessly unpaid, insolvency of said defendants, and that of the corporation threatened.

Taking the complaint as true, as it must be when assailed by motion to dismiss, it discloses one of the lesser of those corporate enterprises for the benefit of promoter, reigning family, insiders, little playmates, and favorites, the operations or manipulations of which are characterized by conscienceless betrayal of trust, thimble-rigging, stock juggling, violation of law in general and of mail and banking law in particular, plunder of the people, fraud, and embezzlement. Of them are the South Sea Bubbles, the Kreugers, Insulls, National City Banks taken as historical types, and their eager accomplices more or less under cover in high financial, industrial, and political place, some of which are recent, even current and shocking instances.

With the disposition of highwaymen is coupled less courage than of sneak thieves; for these corporate instruments work cloaked in respectability, by fraud and treachery, betray and destroy confidence, breed distrust, resentment, and cynicism, prey upon the thrifty, rob them of their substance, and in large part are responsible for the desperate condition of the nation and its people, and for the very real revolution now upon them.

And in striking illustration of Cato's famous axiom, not only do these modern pirates go unwhipped of justice, secure in and behind the seats of the mighty, but they arrogantly assume the pose of experts and advisers how best to extricate people and nation from the slough of despond in which they perish by reason of the crimes aforesaid committed against them. So might wolves shepherd lambs until again fat and toothsome.

In simple aspect, the case at bar involves trust property within the jurisdiction of the court, and the beneficiaries likewise within it invoke its aid to defeat maladministration of the trust by trustees without the jurisdiction.

That the court has jurisdiction of the corporation (see section 6660 Rev. Codes Mont.), the subject-matter, and to decree substantial relief despite lack of jurisdiction over the director-trustees, is too plain for argument.

Beyond reach of the court's process, they may not be constrained to account herein, but it would be a reproach to a court of equity did it not protect the trust property from their depredations.

Until final hearing and, be the allegations of the complaint proven, until honest future corporate administration is assured, the court

by its receiver administers the trust. See Burnrite, etc., Co. v. Riggs, 274 U. S. 208, 47 S. Ct. 578, 71 L. Ed. 1002; State v. Dist. Ct., 15 Mont. 324, 39 P. 316, 27 L. R. A. 392, 48 Am. St. Rep. 682; Supreme, etc., Hall v. Baker, 134 Ind. 293, 33 N. E. 1128, 20 L. R. A. 210; Williamson v. Missouri-Kansas Pipe Line Co. (C. C. A.) 56 F.(2d) 503; Krouse v. Brevard Tannin Co. (C. C. A.) 249 F. 538.

If such assurance be not given in reasonable time, the trust may be terminated.

Rogers v. Guaranty, etc., Co., 288 U. S. 123, 53 S. Ct. 295, 77 L. Ed. —, is not in point. It involves internal corporate affairs and the validity of foreign statutes. The case at bar involves external acts including embezzlement, in justification of which can be no statute even in name.

And in truth the dissent in the Rogers Case leaves little of respect in the majority opinion, which as precedent is unlikely to endure longer than changing personnel will permit.

The receivership in Utah is without right in Montana.

If the directors do not voluntarily appear, whether the receiver shall pursue them abroad may be left to the future.

The motion to dismiss is denied.