### TOMICH v. WESTERN LOAN & BUILDING CO. et al.

### No. 59.

District Court, S. D. California, Central Division.

Sept. 20, 1933.

Potter & Getz, of Los Angeles, Cal., for complainant.

Clock, McWhinney & Clock, of Long Beach, Cal., for respondent Malia.

JAMES, District Judge.

Plaintiff, being the owner of one class F investment or stock certificate of Western Loan & Building Company, on account of the purchase of which she has paid the sum of $830, brings this suit in equity seeking to have a receiver appointed and to secure a decree dissolving the company named. The respondent corporation is organized under the laws of the state of Utah. Its principal place of business is there located, and its directors there reside. It is asserted in the bill of complaint that the company has many investors in several of the western states, including California. While it is alleged that out of a total of approximately $23,000,000 loaned by respondent company on real estate in the several states, about $19,000,000 of that sum is loaned or invested in real estate and other property in California, I find no express allegation showing that the company has any property or investment within this judicial district. Passing without further comment the question whether it is shown that a receiver if appointed could find property which he could take possession of in this jurisdiction, there are other matters requiring attention.

The complaint alleges that respondent J. A. Malia, a citizen and resident of the state of Utah, is the duly qualified and acting bank commissioner of the state of Utah, and that as such he has since August 18, 1933, "been the custodian of the head office of the re-

spondent company"; that Malia, on or about the date last mentioned, having ascertained that the company was conducting its business in an unsafe manner so as to render further transactions by it hazardous to the public and those having funds in its custody, and with the consent of its board of directors, took charge of the company's office as custodian. This action of the appropriate state official of Utah was in accordance with the law of that state. While there are allegations that the official named at prior times failed in properly supervising the affairs of the company, there is no allegation that he is not now proceeding to care for the interests of investors and creditors in the manner which the law of the state under which respondent corporation was organized provides for. See discussion in Fry v. Charter Oak Life Ins. Co. (C. C.) 31 F. 197, with citations.

The company was licensed to transact business in the state of California, and by so doing submitted itself to the jurisdiction of the building and loan commissioner of California. That official, it was shown at the argument, had, prior to the commencement of this proceeding, taken full charge of all assets in this state for the protection of California creditors and investors. This being true, the court, all other reasons aside, would not appoint a receiver with authority to oust the California commissioner of possession, without his being brought into this proceeding and given an opportunity to be heard. Further, it was stated at the argument, and not denied, that at this time a creditor suit is pending in the United States District Court of the Utah District, wherein the appointment of a receiver is asked for. That suit was brought before the filing of the complaint in this action. If a receiver is to be appointed to administer the company's affairs, it would be in accord with conventional practice to have the primary receiver named in the district of the residence of the company affected. Ancillary receivers could then be named in all districts where the company has assets, and the business co-ordinated under the central control of the home state. Such is the almost invariable practice. Where the property and business in California is being fully safeguarded by the building and loan commissioner here, there is no extreme emergency warranting action by this court at this time. And, as before stated, the present custodian, who is acting under power given him by the law, has the right to be heard before possession of the assets is taken from him.

The Utah bank commissioner has ap-peared specially to move to dismiss because of service made on him out of this district. In view of the fact that certain affidavits were presented on his behalf, going to questions of merit in the controversy, I am disposed to hold that he has made a general appearance and that his motion should be denied. It is so ordered. Burnrite Coal Briquette Co. v. Riggs, 274 U. S. 208, 47 S. Ct. 578, 71 L. Ed. 1002; Central Trust Co. v. McGeorge, 151 U. S. 129, 14 S. Ct. 286, 38 L. Ed. 98. The respondent company was duly served through its designated agent in this state and is properly before the court.

The application for the appointment of a receiver pendente lite is denied without prejudice, and the restraining order is dissolved. Leave is given plaintiff to bring in as party defendant the building and loan commissioner of California, and to make service upon him of the bill of complaint and subpœna. The respondent company and respondent J. A. Malia are allowed fifteen days after this date within which to answer the bill of complaint, or otherwise move or plead.