## WANDELL v. JEFFERSON BUILDING & LOAN ASS'N et al.

District Court, D. New Jersey.

Dec. 31, 1936.

William A. Consodine and Andrew B. Crummy, both of Newark, N. J., for complainant.

Louis J. Cohen, and Merritt Lane, both of Newark, N. J., for Mr. Carl K. Withers, Commissioner of Banking and Insurance.

FAKE, District Judge.

The issues here arise on motion to dismiss the bill of complaint.

The complaint charges that the State Department of Banking and Insurance has not exercised proper supervision over the affairs of the association and that the department has not the facilities to carry on the conservation of the association, and that the Department of Banking and Insurance is not properly managed, in substantiation of which divers allegations are made based on information and belief. The relief sought is the appointment of a re-ceiver by this court to supersede the administration of the commissioner of banking and insurance.

It was conceded during the course of the argument that the state law, under which the Department of Banking and Insurance operates, vests ample powers in the commissioner and his departmental assistants to administer the estates of frozen and distressed loan associations in a proper manner, and that adequate provisions for judicial review by the Court of Chancery of New Jersey are provided for those who may be aggrieved.

It was further conceded by plaintiff's solicitors that there was no evidence of dereliction against Commissioner Withers relating to this association or against his conservator, who is in direct control thereof. Nor was there any evidence brought to the attention of the court which would indicate that the affairs of this loan association have been unwisely dealt with since the department took it over.

The affidavits submitted disclose that a condition of discord exists within the department between Deputy Commissioner Minier, on the one side, and his subordinates, Prescott and Goodwin, on the other. These differences are fully aired in the affidavits before me, and they amount to no more than vigorous disagreements on matters of internal policy. A list of some eleven associations is furnished and elaborate figures appear as to each association. It is contended that the commissioner or his deputy Minier should have taken these associations over in addition to those already taken over by the department. Nothing is raised here, however, save a question of policy wherein each side has its representatives within the department, and certainly nothing therein can have even a remote bearing upon the welfare of the particular association with which I am here primarily concerned.

The affidavits filed on behalf of the plaintiff disclose instances of malfeasance on the part of officers and directors of certain associations in years gone by, but nowhere in the record is such malfeasance attributed to the commissioner of banking and insurance or his deputies.

I do not deem it necessary for the purposes of this memorandum to set out in detail the separate instances complained of. It is sufficient to say that, in so far as the commissioner and his subordinates are

concerned, the issues are all confined to questions of policy in an era of frozen real estate values and legislative activities directed toward share insurance and other relief for the unfortunate holders of securities in such institutions. In such difficult and trying circumstances, officials of the Department of Banking and Insurance must be allowed reasonable time within which to function to the full extent of their powers. Perhaps suits which plaintiff contends should be instituted against directors and others would avail nothing; perhaps the fomenting of litigation would tend to further demoralize the loan association situation in this State to the detriment of shareholders and home owners, I do not know, nor is it my present duty to ascertain, since such problems present matters of policy and sound business judgment peculiarly within the province of the department, and the evidence is not sufficient upon which to find that the plaintiff here or any one else will suffer through lack of diligence or dishonesty.

The rule announced by the United States Supreme Court and which this court must follow is stated in the case of Gordon, Secretary of Banking, et al. v. Washington et al., 295 U.S. 30, 55 S.Ct. 584, 589, 79 L.Ed. 1282, as follows: "We have recently had occasion to point out that a federal court, even in the exercise of an equity jurisdiction not otherwise inappropriate, should not appoint a receiver to displace the possession of a state officer lawfully administering property for the benefit of interested parties, except where it appears that the procedure afforded by state law is inadequate or that it will not be diligently and honestly followed."

In the case of Pennsylvania v. Williams, 294 U.S. 176, at page 185, 55 S.Ct. 380, 385, 79 L.Ed. 841, 96 A.L.R. 1166, Mr. Justice Stone said: "A court of equity, which in its discretion may refuse to protect private rights when the exercise of its jurisdiction would be prejudicial to the public interest, see [United States ex rel.] Greathouse v. Dern, 289 U.S. 352, 359, 360 [53 S.Ct. 614, 77 L.Ed. 1250], or deny relief upon performance of a condition which will safeguard the public interest and secure substantial justice to the complainant, see Harrisonville v. Dickey Clay Co., 289 U.S. 334, 338, 53 S.Ct. 602, 77 L.Ed. 1208, would seem bound to stay its hand in the public interest, where it reasonably appears that the private right will not suffer. It is in the public interest that federal courts of equity should exercise their discretionary power with proper regard for the rightful independence of state governments in carrying out their domestic policy. Fenner v. Boykin, 271 U.S. 240, 243, 244, 46 S.Ct. 492, 70 L.Ed. 927; Massachusetts State Grange v. Benton, 272 U.S. 525, 527, 47 S.Ct. 189, 71 L.Ed. 387; Matthews v. Rodgers, 284 U.S. 521, 525, 52 S.Ct. 217, 76 L.Ed. 447. Cf. Central Kentucky Natural Gas Co. v. Railroad Commission of Kentucky, 290 U.S. 264, 273, 54 S.Ct. 154, 78 L.Ed. 307. It has long been accepted practice for the federal courts to relinquish their jurisdiction in favor of the state courts, where its exercise would involve control of or interference with the internal affairs of a domestic corporation of the state. See Rogers v. Guaranty Trust Co., supra, 288 U.S. 123, 131, 53 S.Ct. 295, 77 L.Ed. 652, 89 A.L.R. 720. Compare Burnrite Coal Briquette Co. v. Riggs, supra, 274 U.S. 208, 212, 213, 47 S.Ct. 578, 71 L.Ed. 1002; Canada Malting Co. v. Paterson Steamships, Ltd., 285 U.S. 413, 419–423, 52 S.Ct. 413, 76 L.Ed. 837; Langnes v. Green, 282 U.S. 531, 541, 51 S.Ct. 243, 75 L.Ed. 520. There are stronger reasons for adopting a like practice where the exercise of jurisdiction involves an unnecessary interference by injunction with the lawful action of state officers. Matthews v. Rodgers, supra, 284 U.S. 521, 525, 52 S.Ct. 217, 76 L.Ed. 447. See, also, the opinion of Judge Forman in Renold v. Withers (D.C.) 13 F.Supp. 921, and the opinion of this court in Fulia et al. v. Warranty Building & Loan Association, 5 F.Supp. 952.

In view of the facts here presented and the law as above quoted, I cannot find sufficient ground upon which to supersede the Department of Banking and Insurance by the appointment of a receiver in this case. The bill must be dismissed.