### STERNS v. MAGUIRE et al.

District Court, S. D. New York.
April 2, 1938.

Hill, Lockwood & Redfield, of New York City, for plaintiff.

Spence, Windels, Walser & Hotchkiss, of New York City, for defendant W. G. Maguire.

PATTERSON, District Judge.

The defendant Maguire's motion raises the question whether the suit may be maintained against him in this district. Suit was commenced by filing bill in equity in the clerk's office. The bill alleges that the plaintiff is a citizen of Illinois and that the defendant Maguire is a citizen of New York, and bases jurisdiction on diversity of citizenship. Subpoena was served on Maguire in this district a few days later,

no copy of the bill being with it. The next step was that Maguire served general notice of appearance on the plaintiff's attorneys. His attorneys then received a copy of the bill. Some days later Maguire brought the present motion to quash service of process on him, showing by affidavit that he is a citizen of Virginia rather than of New York, and that accordingly neither the plaintiff nor he is a citizen of the district in which suit is brought. He relies on section 51 of the Judicial Code (28 U.S.C. A., section 112), to the effect that where jurisdiction of the district court is founded on diversity of citizenship, suit shall be brought only in the district of the residence of the plaintiff or of the defendant. That Maguire is in fact a resident of Virginia is not now disputed by the plaintiff. He resists the motion, however, taking the position that the general appearance of Maguire in the suit prior to any objection to the venue was a waiver of any such objection. Maguire seeks to dispose of the general appearance by showing that it was given before he had seen the contents of the bill or knew on what ground the suit was brought in this district. So the question is whether a general appearance under such circumstances amounted to a waiver of objection to the venue.

It is well understood that section 51 of the Judicial Code relates only to venue, that the restriction as to venue imposed by it may be waived by a defendant, and that the restriction is waived by general appearance prior to raising objection to the venue. Interior Construction Co. v. Gibney, 160 U.S. 217, 16 S.Ct. 272, 40 L.Ed. 401; General Investment Co. v. Lake Shore R. Co., 260 U.S. 261, 43 S. Ct. 106, 67 L.Ed. 244; Burnrite Coal Co. v. Riggs, 274 U.S. 208, 47 S.Ct. 578, 71 L. Ed. 1002. On principle it should make no difference that the general appearance was given before the defendant had been given a copy of the bill. The subpoena was served in the usual way. It informed the defendant that a bill in equity brought by the plaintiff against him had been filed, and it notified him that an answer or other defense to the bill was required on or before the twentieth day after service of the subpoena. In suits in equity in the district court the bill need not be served on the defendant; all that is required is that it be filed in the clerk's office, Equity Rules 12–15, 28 U.S.C.A. following section 723. By service of the subpoena the defendant is put on notice as to the contents of the

bill, and unless he gets a copy by courtesy he must go to the clerk's office and look at the original bill filed there. I am of opinion that the defendant's general appearance was a waiver of his right to object to the venue.

The defendant relies on Crown Cotton Mills v. Turner, C.C.N.Y., 82 F. 337. That case, however, was an action at law where the action was commenced under New York practice by mere service of a summons without complaint, and where no complaint was on file. The defendant was required to put in an appearance without receiving any notice of what the cause of action was or on what ground the venue was laid. It was held that such a notice of appearance was not a waiver of objection to the venue, the defendant's ignorance of his rights being due to the plaintiff's own act. However that may be, the situation is different where the suit is one in equity and where the bill is on file with the court, as the defendant knows if he has read the subpoena served on him.

The motion to quash service of subpoena on the defendant Maguire will be denied.