Alexander **TCHEREPNIN** et al., Plaintiffs-Appellees,

v.

Dennis **KIRBY** et al., Defendants-Appellants.

Nos. 17171, 17234 and 17235.

United States Court of Appeals Seventh Circuit.

Aug. 4, 1969.

---

See also D.C. 277 F.Supp. 472.

William J. Scott, Atty. Gen. of the State of Illinois, Chicago, Ill., for appellants Joseph E. Knight and Justin Hulman.

Stuart D. Perlman, William G. Clark, Seymour I. Burton, Albert E. Jenner, Jr., Charles J. O'Laughlin, Joan M. Hall, Jenner & Block, Maurice J. McCarthy, Joseph O. Kostner, Chicago, Ill., for defendants-appellants City Savings Assn., Dennis Kirby, Steven J. Kadlicek and Richard Ray.

Leonard B. Ettelson, William J. Friedman, Arnold I. Shure, A. Bradley Eben, Robert A. Sprecher, Solomon Jesmer, Chicago, Ill., for plaintiffs-appellees.

Before KILEY, SWYGERT and CUMMINGS, Circuit Judges.

CUMMINGS, Circuit Judge.

This appeal is from an order of the district court appointing federal receivers to take over the affairs of City Savings Association and enjoining three liquidators purporting to act pursuant to the Illinois Savings and Loan Act from acting further. In support of their respective positions the parties, whose interests appear below, have presented a great many arguments directed to the principles of federalism, the public policy of Illinois and the interpretation of various provisions of Illinois law. All parties acknowledge the power of the district court, in the exercise of its discretion, to appoint federal receivers in a proper case. We have considered all of the issues raised but find it is only necessary to decide whether on the facts of this case the district court abused its discretion in appointing federal receivers and enjoining the voluntary state liquidation procedure. We conclude that the district court's order is supported by the record.

City Savings Association is a savings and loan institution chartered by the State of Illinois. Some of its checkered history is described in the majority and dissenting opinions in Mensik v. Smith, 18 Ill.2d 572, 166 N.E.2d 265 (1960). Only the facts essential to the disposition of the present controversy will be stated herein. For the second time, custody of City Savings Association was taken by the State of Illinois on June 26, 1964. Four days later, the Board of Directors of City Savings approved a plan of voluntary liquidation and called a special meeting of shareholders. On July 28, 1964, this plan was approved by the shareholders, and on September 20, 1964, the State released custody of City Savings to three liquidators elected by the shareholders.

The present class suit was instituted four days before the July 28, 1964, shareholders' meeting and claimed that plaintiffs purchasing withdrawable capital shares in City Savings after July 24, 1959, had been induced to do so by materially false and misleading statements in violation of the federal securities laws. Eventually included as defendants were officers of City Savings, officials of the State of Illinois charged with overseeing the affairs of City Savings, and the liquidators elected by the shareholders. The plaintiffs prayed for rescission and for placement in the status of judgment creditors of the insolvent City Savings. Another group of

shareholders seeking to protect their eventual share in the distribution of City Savings' assets intervened in the suit.

Unhappy with the course of the liquidation, plaintiffs moved for appointment of a federal receiver in 1966. Largely because of then existing doubts as to federal jurisdiction under the securities laws and because there had as yet been no hearing to develop plaintiffs' allegations of mismanagement and fraud in the course of the liquidation, the district court refused to appoint a receiver at that time. Tcherepnin v. Franz, 277 F.Supp. 472 (N.D.Ill.1966). However, those doubts were authoritatively resolved in favor of federal jurisdiction by the Supreme Court in Tcherepnin v. Knight, 389 U.S. 332, 88 S.Ct. 548, 19 L.Ed.2d 564, and plaintiffs renewed their motion for the appointment of a federal receiver. The district court appointed an Examiner and Assessor and a Special Master to look into the current status of the liquidation and to report to the court on the need for appointment of federal receivers. Thereafter a hearing was held before the district court during which the three liquidators and others testified. Based on the evidence adduced at that hearing and the two reports of the Examiner and Assessor, the district court entered the order which is the subject of this appeal.

In that order the court appointed two well-known members of the Chicago Bar as receivers and directed the three liquidators to cease acting after turning over to the receivers all City Savings books, records, titles, properties and assets. The federal receivers have been acting since September 19, 1968, when this Court, after considering the views of the parties and the Securities and Exchange Commission, denied a stay order sought by the liquidators. The liquidators have presumably relinquished all custody and ceased to act pursuant to the district court's order.

Plaintiff shareholders, the intervening shareholders and the Securities and Exchange Commission all support the appointment of the federal receivers. Before this Court the State of Illinois has also urged affirmance for the reason that "a reconveyance of the assets of the City Savings Association to the State supervised liquidators at this time, would delay the date of distribution of available funds and would reduce the amount of such funds." The only parties challenging the district court's order are City Savings and the three liquidators.

The district court based its order on findings that the vote authorizing the voluntary liquidation in 1964 and electing the liquidators was "tainted with fraud," [1] that the liquidation, even if authorized by Illinois law, was not diligently pursued and was inordinately protracted and expensive, that the liquidators lacked the necessary experience to carry out the liquidation successfully and failed properly to supervise the expenses of the proceedings, and that two of the liquidators who are state employees were potentially in a position of conflict of interest with respect to the possibility of recovering damages from present and former state officials alleged in the complaint to have contributed to the $14,000,000 impairment of capital which was disclosed by a June 15, 1964, report of a well-known public accounting firm.

We need not determine whether the liquidation was in fact contrary to Illi-

---

1. The proxy material for the July 28, 1964, shareholders' meeting stated that the shareholders could expect to receive 100 cents on the dollar if the voluntary liquidation were approved. Similar statements were alleged to have been made at the meeting in the presence of State officials. Based on the available financial information, an estimated return of 30 cents on the dollar would appear to have been more likely. Plaintiffs also assert that City Savings is the first instance of a voluntary liquidation of an insolvent and uninsured savings and loan institution in Illinois and that the state officials knew that such a proceeding, with no provision for court supervision, was contrary to the requirements of Illinois law.

nois law or fraudulently conducted. Nor do we sit in judgment of the district judge's assessment of the personal qualifications of the witnesses who testified before him. It is sufficient that in our view the record supports the conclusion of the district judge that the protection of federal interests in this suit for relief under the securities laws required the appointment of federal receivers. As we stated in Securities and Exchange Comm. v. Keller Corp., 323 F.2d 397, 403 (7th Cir. 1963), a "prima facie showing of fraud and mismanagement * * * is enough to call into play the equitable powers of the court" to appoint a receiver. Our judgment is reinforced by the fact that all parties who stand to benefit from the expeditious conclusion of City Savings affairs support the district court's order.

The liquidators rely primarily on Com. of Pennsylvania v. Williams, 294 U.S. 176, 55 S.Ct. 380, 79 L.Ed. 841, where the Court held that a district court should have relinquished jurisdiction to appoint a federal receiver for a state building and loan association in favor of the Pennsylvania Secretary of Banking. That was a diversity suit in which no federal rights were alleged to be threatened. The Court upheld the jurisdiction of the federal court and confirmed the power of a federal court to appoint a federal receiver in order to grant appropriate relief in a case properly before it but held that where the interests of the litigants will be adequately protected without federal intervention and where state judicial supervision of the proceedings is readiily available, jurisdiction should not be exercised. "There is no allegation or contention that the procedure thus provided is inadequate, or that it will not be diligently and honestly followed." 294 U.S. at p. 183, 55 S.Ct. at p. 384.

Here, on the other hand, it is alleged and the district court was warranted in finding on the record that federal rights are endangered by the absence of judicial supervision over the liquidation and that in the four-year history of this case the liquidation has been neither diligently nor satisfactorily pursued.[2] In view of the State of Illinois' lack of objection to the continuance of the federal receivership, principles of comity or federalism do not require that liquidators failing vigorously to enforce the state's laws and public policies[3] be reinstated at this stage in the proceedings. Cf. Smith v. Aeolian Co., 53 F.Supp. 636, 639 (D.Conn.1943).

In Intermountain Building & Loan Association v. Gallegos, 78 F.2d 972 (9th Cir. 1935), the appointment of a federal receiver for a Utah building and loan association was affirmed even though the Utah banking commissioner had previously taken possession of the association's business and property. The Court of Appeals noted that the commissioner had acted tardily, particularly since the corporation had been insolvent for some years prior to his action. In view of the corporate chaos for a matter of years, it concluded that the district court was right in determining that the state banking commissioner was not "a proper person to husband the dwindling assets of the failing Association" (78 F.2d at p. 983). Similar factors justify the district court's order appointing federal receivers here.

The Court has reviewed the other contentions presented by appellants and concludes they are without foundation. Accordingly, the order is affirmed.

2. This accords with the present findings. No definitive determination has yet been made.

3. See note 2 *supra.*