## FULIA et al. v. WARRANTY BUILDING & LOAN ASS'N OF NEWARK, N. J., et al.

District Court, D. New Jersey.

Feb. 9, 1934.

William Harris, of Newark, N. J., for complainants.

Morris H. Cohn, of Newark, N. J., for John Martin and other shareholders.

Samuel Kaufman, of Newark, N. J., for Commissioner Kelly and Warranty Building & Loan Ass'n.

FAKE, District Judge.

The complainants here are citizens of another state, and, because of the diversity in citizenship between them and the defendant, a New Jersey corporation, this court is open to them.

It is alleged in the bill that the defendant loan association has been mismanaged, and by reason thereof its financial condition is such that it cannot function in furtherance of the purposes contemplated by its charter. Complainants therefore seek the appointment of a receiver and an injunction restraining the corporation and its officers from exercising corporate powers.

The issues to be dealt with here arise on notice of motion, in furtherance of which complainants have filed affidavits and defendants have filed answering affidavits.

The power of this court to enjoin and appoint receivers in a proper case is not denied. Nor, on the other hand, is it contended that the exercise of such power is mandatory. Its exercise rests in the sound discretion of the court, and should not be resorted to except "upon clear proof of usurpation, ultra vires, fraud, or gross negligence," Hunt v. American Grocery Co. (C. C.) 80 F. 70, 72, and it never should be exercised when it appears that it would serve no useful purpose or work to the injury of the estate and the interests of those whose rights are involved.

Shortly prior to the filing of the bill in this cause, the commissioner of banking and insurance took possession of the property and business of the defendant association pursuant to authority vested in him by the laws of the state. He has placed an officer in direct charge of its affairs, and in co-operation with the officers of the association an endeavor is being made to conserve the estate in the interests of all concerned. State legislation finding its authority in the police power, which is essentially an affair of the state, has been enacted for the purpose of meeting the acute situations with which loan associations have been confronted in the present crisis. This has resulted in the building up of an organization under the direction of the commissioner which, by reason of recent and past experience, affords a method of control and operation for loan associations with frozen assets, which is equally as efficient if

not superior to those devices which have grown up in our equity jurisprudence. To interrupt the lawful and conservative efforts of the commissioner in this case presents a very serious problem, and this court will not exercise its powers to such an end unless it is made to appear that the estate and the interest of the individuals therein will be better protected by such action.

The bill and the affidavits have been carefully considered, and they lead to the conclusion that the gross mismanagement charged amounts to no more than mistakes in business judgment as to future values of real estate upon which the association loaned its money in a period of high prices and unprecedented business activity. Convinced that we had entered upon a new era of ever-increasing prosperity, the leading business men of the state made or advised like loans. Of course, as we view them now in the midst of economic confusion and distress, we find they were unwise, but these directors cannot be held responsible for the world-wide economic distress which has enveloped us and destroyed the real estate market.

If the real estate and mortgage assets of this association are taken at cost or book value, the association is not insolvent, and perhaps a new rule may be established in fixing values as to real estate held by such associations, a rule based upon necessity where no reasonable market exists. However this may be, upon insolvency and the appointment of a receiver by this court, thousands of mortgages would immediately fall due and payable, regardless of the terms of the mortgages as to defaults. Harris et al. v. Nevins, 68 N. J. Eq. 183, 58 A. 1051. The fact that there is a statute which somewhat ameliorates the effect of that decision does not help, since it does not effect a reversal of its substance. Forced liquidation at this time or reorganization as hinted in the bill offers no improvement over the processes which are now at work under the guidance of the commissioner.

Taking into account the size of this association, its far-flung interests and the nature of its assets, the salaries and expenses of the association have not been excessive.

The court realizes that the shareholders of the association are very much disturbed and are anxious for the safety of their investments, and their confidence has been affected by the feeling that a more thorough supervision in the past might have prevented the errors in business judgment of which they now complain. This court has no knowledge at this time other than such as is presented by the bill and affidavits bearing on this point. It should be borne in mind in this connection, however, that any future mismanagement may be brought to the attention of this court.

Shareholders should also bear in mind that attempts may be made to purchase their shares at sacrifice figures by those who thrive on that form of business, and they should seek counsel and advice before they part with their shares.

Viewing the situation as a whole, we conclude that the motion for a receiver and injunctive relief should be denied, and an order will be entered to that effect.

Judge CLARK, who sat with me amicus curiæ, directs me to say he concurs.