**Alexander TCHEREPNIN et al., Plaintiffs,**

**Frank Balczo et al., Additional Plaintiffs 2/7/66,**

v.

**Robert FRANZ et al., Defendants,**

**J. J. Lowenthal et al., Intervenors,**

**Securities and Exchange Commission, Intervenor Amicus Curiae.**

No. 64 C 1285.

United States District Court N. D. Illinois, E. D.

March 22, 1966.

See also, 7 Cir., 371 F.2d 374.

———◆———

A. Bradley Eben, Solomon Jesmer, Arnold I. Shure, Chicago, Ill., for plaintiffs.

Seymour I. Burton and J. Richard Bockelman, Chicago, Ill., for Louis Kwasman, H. Hartman, Dennis Kirby & City Savings Assn.

William G. Clark, Chicago, Ill., for Jos. Knight, Justin Hulman.

Rosenthal & Schanfield, Chicago, Ill., for Franz, Pasko, Talarico, Jr., Hoover, Kramer, Mensik & Sprincz.

Raymond, Mayer, Jenner & Block Chicago, Ill., for City Savings, L. Kwasman, H. Hartman and Dennis Kirby.

Maurice J. Walsh, Chicago, Ill., Intervenors.

David Ferber, Washington, D. C., and Thomas B. Hart, Chicago, Ill., Robert Franz, Sigel & Albin, Chicago, Ill., amicus curiae, Securities & Exchange Comm.

CAMPBELL, Chief Judge.

## MEMORANDUM AND ORDER

Plaintiffs are presently before the court on a motion seeking the appointment of a receiver.

Since I assumed jurisdiction in this case on January 17, 1966 I have had the benefit of extensive oral argument by the many able attorneys representing the various parties. Additional briefs and pleadings, in the main addressed to the present motion for the appointment of a receiver, have been filed and I have had the opportunity to review extensively the Peat, Marwick, Mitchell and Company April 30, 1964 Audit report, which prior to my order of February 21, 1966 (Transcript of Proceedings, February 21, 1966, p. 24) was filed of record but impounded. On the basis of this exhaustive review of what conservatively can be characterized as a most complex and extensive matter—both factually and legally—I make the following observations in deciding the pending motion.

When initially making my decision to assume jurisdiction over this case I was faced with deciding what I acknowledged to be a difficult, far reaching and close legal issue of first impression. I refer to the issue of whether or not Illinois savings and loan depositors or investors enter into an investment contract and in effect are purchasers of securities within the meaning and provisions of the Exchange Act. 15 U.S.C. § 78a et seq.

Normally, when making such an important interlocutory decision without the benefit of some prior judicial authorities, preferably from our own Seventh Circuit, I have looked with favor upon motions requesting a § 1292(b) interlocutory appeal. (Radiant Burners Inc. v. American Gas Association et al., 207 F.Supp. 771 and 209 F.Supp. 321, Rev. in 320 F.2d 314, 98 A.L.R.2d 228, cert. den. 375 U.S. 929, 84 S.Ct. 330, 11 L.Ed.2d 262.) However, in the instant case I denied defendants' motions requesting permission to file such an interlocutory appeal. In denying defendants' motions I explained that my main concern was the plight of the individual investors. (Transcript of Proceedings, January 21, 1966, pp. 17–20)

Then, as now, their protection and the expeditious resolution of all of the issues presently standing in the way of a final and fair total liquidation of City Savings and Loan Association was my objective. I was then impressed, as I am now even more impressed, with what appears to be a confusion in efforts, possible conflicting interests, and the possible resulting subjugating of investors' claims to the interests of others. A final and total resolution and payment of investors' claims appears long overdue.

Plaintiffs, certainly not by design, by their present motion for appointment of a receiver place an additional burden and obstacle in the way of my expediting this matter. The mere granting of the motion and appointment of a receiver—standing alone—would, of course, cause no additional delay, for that matter I believe the converse would result; the resolution of the cause would most probably be expedited. However, the granting of the motion would necessarily, and quite properly, serve to permit defendants the interlocutory appeal heretofore denied them. (Title 28 U.S. C.A. § 1292(a) (2) The delay I sought to preclude would thus prove unavoidable.

Accepting this necessary result, delay, albeit procedurally proper, is inevitable. The main cause for my denying defendants' earlier motions for interlocutory appeal is therefore no longer controlling.

■ A motion in Federal Court for the appointment of a receiver should be granted only under the extremist of circumstances. In Connolly v. Gishwiller, 162 F.2d 428 our Seventh Circuit Court of Appeals, although affirming the lower court's appointment of a receiver stated: "It is true, of course, the power to appoint a receiver is a drastic, harsh and dangerous one and should be exercised with care and caution". (Connolly p. 435) See also Mintzer v. Arthur L. Wright Co., 263 F.2d 823; Chambers v. Blickly Ford Sales, Inc., 2 Cir., 313 F.2d 252.

■ Also, where as here, state law provides adequate means for affording sufficient protection of assets, federal courts should be most hesitant to assert themselves by way of receivership. Pennsylvania v. Williams, 294 U.S. 176, 55 S.Ct. 380, 79 L.Ed. 841; Fulia v. Warranty Bldg. and Loan Assn., D.C., 5 F.Supp. 952.

■ Plaintiffs' complaint, briefs and most importantly their affidavits allege nothing less than fraud on the part of the present liquidators, those over whom or in lieu of a court appointed receiver would act. On the basis of plaintiff's allegations the present liquidators are either corrupt, inefficient or both. To this extent the circumstances here might be distinguished from Pennsylvania v. Williams cited above. However, as is most often the case, these allegations are for the most part general and not specific. Although possibly susceptible of proof at an extended hearing or trial, these geneal allegations do not warrant my granting the extraordinary relief sought, especially where as here I am in the first instance proceeding upon legally tenuous jurisdictional grounds. Rather than compound the legal uncertainty of my rulings I must deny the present motion for appointment of a receiver. As already stated this determination is further indicated by the necessary elimination of what I expressed to have been the overriding salutary purpose of my prior rulings; the expeditious resolution of the investors' claims.

Accordingly, I deny plaintiffs' motion for the appointment of a receiver. Recognizing the consequences of this ruling I do hereby certify that my order denying this motion "* * * involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation * * *". (Title 28 U.S.C. § 1292(b))

Further, on my own motion and for the reasons detailed above I now certify that my Order of January 17, 1966 assuming jurisdiction over this case and in effect holding that withdrawable capital shares in a savings and loan association are securities within the meaning of the Exchange Act also "* * * involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation * * *". (Title 28 U.S.C. § 1292(b))

Pending resolution of what I anticipate will be immediately filed appeals, this court in no way restrains the liquidation proceedings presently pending or hereafter commenced in the State Court. Should, however, this court be sustained in its jurisdictional ruling those proceedings will, of course, be most carefully reviewed and analyzed in detail.

In its present posture I express the hope that my ruling on the main issue concerning the scope and meaning of the term "security" will be reviewed and the law of this Circuit determined by our Seventh Circuit Court of Appeals. Should that learned court agree with my resolution of this issue I can then entertain another motion for appointment of a receiver, assuming such relief is still available. (See Esbitt v. Dutch-American Mercantile Corp., 2 Cir., 335 F.2d 141) Should it determine I am in error in such resolution then all issues herein, including that seeking appointment of a receiver become moot.