**ROYNAT, INC., Plaintiff,**

v.

**RICHMOND TRANSPORTATION CORP., Defendant.**

**No. IP 91–642–C.**

United States District Court,
S.D. Indiana,
Indianapolis Division.

Sept. 16, 1991.

James A. Knauer, William C. Potter, II and Marcia E. Roan, Kroger Gardis & Regas, Indianapolis, Ind., for plaintiff.

Charles E. Greer and Peggy J. Naile, Ice Miller Donadio & Ryan, Indianapolis, Ind., for defendant.

## ORDER ON MOTION TO DISMISS

McKINNEY, District Judge.

This cause is before the Court on motion of the defendant Richmond Transportation Corp. ("Richmond") to dismiss the complaint of RoyNat, Inc. ("RoyNat") on grounds of *forum non conveniens.* The issues raised have been thoroughly briefed and are ready for resolution. For the reasons set forth, the Court GRANTS the motion subject to the conditions specified.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This action began when RoyNat, a Canadian corporation, filed a complaint against Richmond, a Delaware corporation with offices in Richmond, Indiana, in the Wayne Circuit Court, State of Indiana, on May 15, 1991. In its complaint RoyNat sought to enforce an Agreement of Guarantee (the "Agreement") in which Richmond guaranteed payments due RoyNat under a debenture issued by Welles Corporation Limited ("Welles"), Richmond's Canadian subsidiary. The complaint also sought appointment of a receiver for Richmond on the ground that Richmond was in or near insol-

vency. On June 12, 1991, the action was removed to this Court pursuant to 28 U.S.C. § 1446. On July 1, 1991, Richmond filed a motion to dismiss, asserting *forum non conveniens* and claiming that the dispute should be heard in Canada.[1] RoyNat filed its opposing brief, and Richmond timely replied.

## II. DISCUSSION

 Pursuant to the judicial doctrine of *forum non conveniens*, a district court may dismiss a case over which it otherwise has jurisdiction "where trial in the plaintiff's chosen forum imposes a heavy burden on the defendant or the court, and where the plaintiff is unable to offer any specific reasons of convenience supporting this choice." *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 249, 102 S.Ct. 252, 262, 70 L.Ed.2d 419 (1981). The *forum non conveniens* determination is committed to the sound discretion of the district court, which balances all of the relevant public and private interest factors in reaching a decision. *Id.* at 257, 102 S.Ct. at 266–67. No single factor is critical to the analysis; instead, a court is to determine each case on its own facts, "retain[ing] flexibility." *Id.* at 249, 102 S.Ct. at 262. In the Seventh Circuit, a district court's analysis of a motion based on *forum non conveniens* must consider four areas: (1) availability of an adequate alternative forum, (2) appropriate deference to the plaintiff's choice of forum, (3) "public interest" factors, and (4) "private interest" factors. *Macedo v. Boeing Co.*, 693 F.2d 683, 686–90 (7th Cir.1982).

### A. *Adequate Alternative Forum*

 The initial determination of any court considering a *forum non conveniens* motion is whether an adequate alternative forum is available to the plaintiff. *Piper Aircraft*, 454 U.S. at 254 n. 22, 102 S.Ct. at 265 n. 22. The burden for demonstrating the existence of such a forum lies with the defendant. *Cheng v. Boeing Co.*, 708 F.2d

1406, 1411 (9th Cir.), *cert. denied*, 464 U.S. 1017, 104 S.Ct. 549, 78 L.Ed.2d 723 (1983).

Ordinarily, this requirement will be satisfied when the defendant is "amenable to process" in the other jurisdiction. In rare circumstances, however, the other forum may not be an adequate alternative.... [F]or example, dismissal would not be appropriate where the alternative forum does not permit litigation of the subject matter of the dispute.

*Piper Aircraft*, 454 U.S. at 254 n. 22, 102 S.Ct. at 265 n. 22.

 Two factors appear to be critical in the forum adequacy inquiry. The first is whether a court in the alternative forum will have jurisdiction to hear the case. Under Seventh Circuit guidelines, this factor does not require that the defendant be amenable to process in the alternative forum; consent to the forum's jurisdiction is sufficient. *Macedo*, 693 F.2d at 687. Second, the remedy available in the alternative forum must not be "so clearly inadequate or unsatisfactory that it is no remedy at all." *Piper Aircraft*, 454 U.S. at 254, 102 S.Ct. at 265. This standard does not require a remedy equivalent to that available in the original forum, or even a favorable one; it requires only that some remedy exists, and that the parties will be treated fairly. *Id.* at 255, 102 S.Ct. at 265–66.

 Against these standards, it appears that Canada meets at least the minimal requirements of an adequate alternative forum. A court there should be able to hear the case, because Richmond has indicated a willingness to consent to the jurisdiction of Canadian courts, and this Court has the power to condition any dismissal for *forum non conveniens* on such consent by the defendant. *See Macedo*, 693 F.2d at 687; *Interpane Coatings, Inc. v. Australia & New Zealand Banking Group Ltd.*, 732 F.Supp. 909, 918 (N.D.Ill.1990). Additionally, the remedies RoyNat seeks from this Court—damages for breach of contract, and appointment of a receiver—are

---

1. Richmond alternatively has argued that California courts would be better able to hear this case. Because the Court finds merit in Richmond's arguments in favor of Canada, and because the parties did not address the issue at any length, it is not necessary to address this argument here.

not fundamentally different from those that a Canadian court could order. As discussed more thoroughly below, this case is governed by the law of Ontario.[2] It therefore does not matter whether RoyNat's contract claims are decided by this Court or by a Canadian court; the result should be the same.

Similar standards also exist in Canada and the Seventh Circuit for appointment of a receiver. It appears that in Canada, appointment of a receiver is considered to be "extraordinary relief," which the courts "have never been prepared to grant to a creditor ... unless there is strong evidence the creditor's right to recovery is in serious jeopardy." *Ryder Truck Rental Canada Ltd. v. 568907 Ontario Ltd.,* 16 C.P.C. (2d) 130, 133 (SC Ont. [In Bankruptcy] 1987) (finding a risk that creditor's claim would not be satisfied, but holding that evidence did not prove inability of debtor to continue operations or service accounts without receiver). The Seventh Circuit's approach is not greatly different. Appointment of a receiver has long been considered a "drastic, harsh, and dangerous" remedy to be applied only in the most extreme circumstances. *Connolly v. Gishwiller,* 162 F.2d 428, 435 (7th Cir.), *cert. denied,* 332 U.S. 825, 68 S.Ct. 166, 92 L.Ed. 400 (1947); *Tcherepnin v. Franz,* 277 F.Supp. 472, 474 (N.D.Ill.1966).[3] Given these similar views of receiver appointment, this Court cannot say that RoyNat's remedy in Canada would be "inadequate or unsatisfactory" compared to the remedy available in this Court. Even if RoyNat's chances for obtaining appointment of a receiver are greater in the Seventh Circuit, which RoyNat has not claimed, this fact does not make Canada an inadequate alternative forum. *Piper Aircraft,* 454 U.S. at 247, 102 S.Ct. at 261.

### B. *Deference to Plaintiff's Choice of Forum*

■ After establishing the existence of an adequate alternative forum, a district court must determine whether it nevertheless should defer to the plaintiff's choice of forum. Ordinarily, "a strong presumption [exists] in favor of the plaintiff's choice of forum, which may be overcome only when the private and public interest factors clearly point towards trial in the alternative forum." *Piper Aircraft,* 454 U.S. at 255, 102 S.Ct. at 265–66; *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 508, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1947). When the plaintiff is foreign, however, the choice is entitled to less deference. *Piper Aircraft,* 454 U.S. at 256, 102 S.Ct. at 266; *Macedo,* 693 F.2d at 688.

It is undisputed that RoyNat, as a Canadian corporation that does business in Canada, is a foreign plaintiff. Therefore, its decision to bring suit in Indiana is entitled to less deference than if this were its "home" forum. *See Macedo,* 693 F.2d at 688.

### C. *Public Interest Factors*

■ According to the Supreme Court, a district court must consider public interest factors in making a *forum non conveniens* determination. These factors include: (1) the interest in having localized controversies decided "at home"; (2) the concern that a diversity case be tried in a court that is familiar with the governing law; (3) the avoidance of unnecessary problems in conflict of laws, or the application of foreign law; (4) administrative difficulties flowing from court congestion; and (5) the unfairness of burdening citizens in an unrelated

---

**2.** Section 4.2 of the Agreement states, "This Agreement shall be construed in accordance with and governed by the laws of the Province of Ontario." As discussed below, under applicable choice of law rules, this Court would apply Ontario law in interpreting the parties' contract.

**3.** Courts outside the Seventh Circuit have considered several factors in determining whether extreme circumstances exist. These include fraudulent conduct on part of the debtor/defendant; imminent danger that property will be lost or squandered; inadequacy of available legal remedies; the probability that failure to appoint a receiver will harm the moving creditor more than appointment would harm the debtor or non-moving creditors; the moving creditor's probable success in the main action, and the possibility of irreparable injury to his or her interests in the meantime; and the degree to which receivership actually will serve the interests of those seeking protection. *Consolidated Rail Corp. v. Fore River Ry. Co.,* 861 F.2d 322, 326–27 (1st Cir.1988) (citing several cases).

forum with jury duty. *Piper Aircraft*, 454 U.S. at 241 n. 6, 102 S.Ct. at 258 n. 6 (citing *Gulf Oil*, 330 U.S. at 509, 67 S.Ct. at 843). Although the final two factors do not affect the analysis greatly, the first three apply directly in the case at hand and point strongly toward dismissal.

■ It is undisputed that Canadian contract law would apply if this case were tried in the Southern District of Indiana. The Agreement states expressly that Canadian law governs, and the Court would adhere to this choice if the case were to proceed here. *See Kolentus v. Avco Corp.*, 798 F.2d 949, 955 (7th Cir.1986), *cert. denied*, 479 U.S. 1032, 107 S.Ct. 878, 93 L.Ed.2d 832 (1987).[4] It is also undisputed that the need to apply foreign law in a case, although not conclusive, "point[s] toward dismissal" of a case on *forum non conveniens* grounds. *Piper Aircraft*, 454 U.S. at 260 & n. 29, 102 S.Ct. at 268 & n. 29. Because such a need clearly exists here, dismissal is favored.

Even if this Court were to proceed with the case, it appears that interpretation of Canadian statutory law would also be necessary. RoyNat's prayer for relief includes a claim for interest, and the amount of damages sought continues to grow as interest accrues. In Canada, most contracts involving payment of interest are subject to the Interest Act, which states that when interest is payable at a "rate or percentage per day, week, month, or at any rate or percentage for any period less than a year," the rate cannot exceed five percent annually. *See Upper Yonge Ltd. v. Canadian Imperial Bank of Commerce*, 75 O.R. (2d) 98, 110 (1990) (quoting section 4 of the Interest Act). An initial reading of Welles' debenture seems to raise a question of whether the interest is payable at a "rate or percentage per ... month." Even

though the debenture states that the interest rate is "per annum," the effective rate floats and is re-computed each month. *See* Debenture ¶ 3 (attached as Exhibit A to Plaintiff's Complaint). As a result, if RoyNat prevails on its contract claim, the court hearing the case will have to determine whether the Interest Act applies to Welles' debenture, and therefore limits the amount of RoyNat's recovery. This Court is wary of making such a determination, particularly because Canadian courts themselves appear to disagree on the exact scope of the Interest Act. *Compare Bank of Nova Scotia v. Dunphy Leasing Enterprises Ltd.*, No. 8210–14168, Calgary Queen's Bench (Mar. 26, 1990) (stating that interest payable monthly, even though at a stated annual rate, is subject to the limits of the Interest Act) *with Upper Yonge*, 75 O.R. (2d) at 112 (disagreeing with *Dunphy Leasing*). It seems prudent to leave this issue, as well as the determination of Canadian contract law, to a Canadian court.[5]

### D. *Private Interest Factors*

■ Finally, a district court considering a *forum non conveniens* motion must consider relevant private interest factors. These include: (1) the relative ease of access to sources of proof; (2) the ability to compel unwilling witnesses to attend, and the costs involved in obtaining the attendance of willing witnesses; (3) the possibility of viewing premises involved in the suit, if such a view is appropriate; and (4) "all other practical problems that make trial of a case easy, expeditious, and inexpensive." *Gulf Oil*, 330 U.S. at 508, 67 S.Ct. at 843. The defendant "must provide enough information [about such factors] to enable the District Court to balance the parties' interests," although meticulous detail is not necessary. *Piper Aircraft*, 454 U.S. at 258, 102 S.Ct. at 267.

---

**4.** In a diversity case, the choice of law rules of the forum determine applicable law. *In re Air Crash Disaster Near Chicago, Illinois on May 25, 1979*, 644 F.2d 594, 610 (7th Cir.), *cert. denied*, 454 U.S. 878, 102 S.Ct. 358, 70 L.Ed.2d 187 (1981). Indiana recognizes choice of law provisions in contracts unless exceptional circumstances exist that show "a purpose to commit fraud on the law." *Kolentus*, 798 F.2d at 955 (quoting *Paulausky v. Polish Roman Catholic*

*Union of America*, 219 Ind. 441, 39 N.E.2d 440, 447 (1942)); *see Sheldon v. Munford*, 660 F.Supp. 130, 134–35 (N.D.Ind.1987).

**5.** The uncertainty of whether the Interest Act would affect the enforceability in Canada of any judgment entered by this Court provides further support for this conclusion. *See Gulf Oil*, 330 U.S. at 508, 67 S.Ct. at 843.

The first two factors do not clearly favor dismissal. RoyNat's contract claim arose in Canada, but the parties seem to agree that pertinent documentary evidence is also located in Indiana, and even California. Richmond has not convinced the Court that the greater portion of such evidence is in Canada. Similarly, Richmond has not shown that Canada is more convenient or expeditious for fact witnesses. As noted earlier, Richmond has agreed to consent to Canadian jurisdiction, so amenability to process is not a concern, so the chief issue regarding witnesses becomes whether Canada, on the whole, is more convenient than Indiana. *See Interpane Coatings*, 732 F.Supp. at 916 (calling convenience the "main factor" in assessing private interest). The parties' briefs indicate that three specific witnesses likely will testify at trial: Jack deKruif, Richmond's president; Udo E. Jensen, vice-president of Richmond and president of Welles; and Paul Boucek, Roy-Nat's manager of corporate lending. Boucek is in Ontario, so Canada would appear to be more convenient for him. By contrast, deKruif is in California and Jensen apparently is in Indiana or at least maintains an office here, so Canada is not clearly more convenient for either. Richmond asserts correctly that other members of management for RoyNat and Welles are in Canada, but it appears just as likely that RoyNat will call other members of Welles' or Richmond's "senior management" who are in Indiana or California. In the absence of more "specific reasons of convenience supporting [its] choice," Richmond has failed to show clearly that Canada is more convenient. *See Piper Aircraft*, 454 U.S. at 249, 102 S.Ct. at 262.[6]

Regarding the third factor, the only premises that might play some role in deciding any element of RoyNat's case—the real property parcels securing Welles' debenture—are in Canada. While a viewing of this property is not necessary for determination of RoyNat's contract claims, it might be helpful in the decision on appointment of a receiver. For example, if buildings or other improvements on the proper-

ty are losing value due to waste, a court might be more inclined to find that Roy-Nat's security is in serious danger, and therefore might appoint a receiver. It is far from clear, however, that the *Gulf Oil* court intended such a broad connotation for its "view of the premises" factor; that case involved a fire and explosion at a factory, in which a view of the scene was clearly relevant. *See Gulf Oil*, 330 U.S. at 502–03, 67 S.Ct. at 840. Accordingly, the Court will not accord much weight to this factor in this case.

The fourth factor—general practical issues—tilts the balance of private interest concerns in favor of dismissal, due primarily to the practical difficulties caused by the applicability of Canadian law. If this Court were to hear RoyNat's claims, it would face the substantial task of interpreting and applying Canadian law, a task with which it is not familiar and would require help. The Court (or a jury) would be forced to depend, at least to some degree, on experts in Canadian law. These experts (assuming none are located in Indiana) would have to travel a great distance to testify, which would cost the parties more time and money. A Canadian court, by contrast, would not require such experts, enabling it to render a decision more quickly and at less expense.

### III. CONCLUSION

After applying the Seventh Circuit approach as spelled out in *Macedo*, the Court concludes that Richmond's motion to dismiss this action on *forum non conveniens* grounds is well-taken, and therefore is GRANTED. Canada is an adequate alternative forum, particularly because Canadian law governs the issues, and RoyNat, as a foreign plaintiff, is entitled to no great presumption of deference regarding its choice of forum. Public interest factors point strongly toward dismissal, and private interest factors also favor dismissal, although not as strongly. Accordingly, the Court GRANTS Richmond's motion, subject to the following conditions:

6. It is true that Richmond does not have to offer specific affidavits or other detailed evidence in support of its motion. *See Piper Aircraft*, 454 U.S. at 258, 102 S.Ct. at 267. Richmond, however, must provide enough information "to en-

able the District Court to balance the parties' interests." *Id.* This Court, on the basis of the information provided by Richmond, cannot conclude that Canada on the whole is more convenient for witnesses than Indiana.

(1) Richmond must expressly consent to the jurisdiction of the courts of Ontario, Canada in any action filed by Roy-Nat that arises from same transaction underlying this case.

(2) Richmond must not raise any statute of limitations defense that it might have under the law of Canada or Ontario, provided that RoyNat files any action there before December 1, 1991.

(3) If Richmond fails to meet either of the above conditions, RoyNat shall have the right to reinstate this action in this Court, provided that the motion for reinstatement is filed within ninety (90) days of the alleged violation of the condition(s).

Accordingly, this action is conditionally DISMISSED, and the hearing presently set in this cause for November 7, 1991 is VACATED.

IT IS SO ORDERED.